# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H.D. YORSTON, on Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                  Defendants. | No. 1:05-cv-10166-PBS |
| ROBERT GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>                    v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>                  Defendants. | No. 1:05-cv-10194-WGY |

*[Captions Continue on Following Page]*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE DISCIPLINED GROWTH INVESTORS GROUP FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| JOHN C. JOHNSON JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EPIX PHARMACEUTICALS, INC., formerly known as EPIX Medical, Inc., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10272-GAO |
| DORAVILLE MANAGEMENT II CORP. by Donald Ramirez, President on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | 1:05-cv-10288-PBS |

*[Captions Continue on Following Page]*

| | |
|---|---|
| STANLEY A. KIM, On Behalf of Himself and Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10315-PBS |
| YALE TOLWIN, on Behalf of Himself and All Persons Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL and ANDREW UPRICHARD,<br><br>      Defendants. | No. 1:05-cv-10388-PBS |

**TABLE OF CONTENTS**

I. STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Defendants' Alleged Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Movants . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    The Related Actions Should Be Consolidated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.    Consolidation is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.    The Court Should Resolve The Issue of Consolidation
            As a Prerequisite to Appointment of Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . 5

    B.    Movants Should Be Appointed Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.    Movants Are Making A Motion In Response To A Notice . . . . . . . . . . . . . 6

        2.    Movants Have The Largest Financial Interest In This Action . . . . . . . . . . . . 7

        3.    Movants Satisfy The Requirements Of Rule 23
            Of The Federal Rules Of Civil Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            a.    Movants' Claims Are Typical . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            b.    Movants Are Adequate Representatives . . . . . . . . . . . . . . . . . . . . . 10

        4.    Movants Are Presumptively The Most Adequate Lead Plaintiff . . . . . . . . . . 11

    C.    The Court Should Approve Lead Plaintiff's Choice of Counsel . . . . . . . . . . . . . . . 11

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Bassin v. deCODE Genetics, Inc.*,
  No. 04 Civ. 7050(RJH), 2005 WL 22875, at *1
  (S.D.N.Y Jan. 4, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Harper Woods Employees Retirement System v. AXT, Inc.*,
  No. C 04-04362 MJJ, 2005 WL 318813, at *1
  (N.D. Cal. Feb. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*EZRA Charitable Trust v. Rent-Way, Inc.*,
  136 F.Supp.2d 435 (W.D.Pa. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Greebel v. FTP Software, Inc.*,
  939 F.Supp. 57 (D.Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Huene v. U.S.*,
  743 F.2d 703 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Advanced Tissue Sciences Sec. Litig.*,
  184 F.R.D. 346 (S.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Enron Corp. Securities Litigation*
  206 F.R.D. 427 (S.D. Tex. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.*,
  693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Waste Management Sec. Litig.,*
    128 F. Supp. 2d 401, 411 (S.D.Tx. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Investors Research Co. v. United States District Court*,
    877 F.2d 777 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Naiditch v. Applied Micro Circuits*,
    2001 WL 1659115 (S.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Storlazzi v. Bakey*,
    894 F.Supp. 494 (D.Mass. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 10

*Takeda v. Turbodyne Technologies, Inc.*,
    67 F.Supp.2d 1129 (C.D.Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**CODES**

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 78u-4(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 78u-4(a)(3)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. §78u-4(a)(3)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Federal Rules of Civil Procedure
    Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure
    Rule 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure
    Rule 42(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Private Securities Litigation Reform Act of 1995
    ("PSLRA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7, 9, 11

Securities Exchange Act of 1934
    § 21D(a)(3)(A)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Securities Exchange Act of 1934
    § 21D(a)(3)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

Securities Exchange Act of 1934
    § 21D(a)(3)(B)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Securities Exchange Act of 1934
    § 21D(a)(3)(B)(iii)(I)(cc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Securities Exchange Act of 1934
    § 21D(a)(3)(B)(v) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Movants, Disciplined Growth Investors, Inc. and Compass Investors Limited Partnership (collectively, the "Disciplined Growth Investors Group" or "Movants," herein), respectfully submit this memorandum of points and authorities in support of their motion for consolidation of related actions, for appointment as Lead Plaintiffs and for approval of Lead Plaintiffs' choice of Lead Counsel.

As set forth herein, because the above-captioned cases involve common questions of law and fact, consolidation is appropriate and will promote the efficient adjudication of these actions.

Once the Court determines that consolidation is appropriate, it should appoint Movants as Lead Plaintiffs and approve their choice of Lead Counsel. As detailed below, Movants are all sophisticated investors who have suffered substantial losses due to defendants' conduct that is the subject matter of these actions. Their choice of counsel are attorneys with substantial experience in the prosecution of complex litigation in general and securities fraud class actions in particular. Accordingly, Movants should be appointed Lead Plaintiffs and the Court should approve their selection of Lead Counsel.

## I.     STATEMENT OF RELEVANT FACTS

### A.     Defendants' Alleged Fraud

This is a securities class action on behalf of all purchasers of the publicly traded securities of EPIX Pharmaceuticals, Inc. ("EPIX" or the "Company") between July 10, 2003 and January 14, 2005 (the "Class Period"), against EPIX and certain of its officers and directors for violations of the Securities Exchange Act of 1934 (the "Exchange Act").

EPIX (formerly known as EPIX Medical Inc.) is a developer of targeted contrast agents that are designed to improve the diagnostic quality of images produced by magnetic resonance imaging

(MRI). MRI is an imaging technology for a range of applications, including the identification and diagnosis of a variety of medical disorders.

Defendants progressed MS-325, the Company's principal product in development, through early stage clinical trials. MS-325 is designed to provide visual imaging of the vascular system through a type of MRI known as magnetic resonance angiography (MRA). Following completion of those trials, in December 2003, EPIX submitted a New Drug Application (NDA) for MS-325 to the United States Food and Drug Administration (FDA).

On or before July 10, 2003, defendants became aware of clinical quality issues with the underlying data for the MS-325 Phase III program. These issues, including the generation of unintelligible imaging scans, which made difficult, if not impossible, the proper control of the Company's clinical test results and statistical analysis of the data and results.

On December 16, 2003, the Company announced the submission of the NDA for MS-325. Defendants, however, continued to conceal the serious problems with the clinical program, specifically the poor quality of the underlying clinical data and problems with the statistical analysis. Instead, defendants instead made positive and encouraging remarks about their extensive scientific and clinical development activities and prospects for product approval.

On January 14, 2005, the Company reported the receipt of an FDA, approvable action letter for MS-325 – but also that the FDA had determined that problems with the Phase III clinical trials were so serious that it was impossible for the agency to come to a conclusion about the efficacy of MS-325. Worse, the FDA noted problems with the underlying data itself, problems that could not be resolved simply on the basis of re-analysis of the data. Thus, defendants delivered a serious setback to

investors and, based on this news, the price of EPIX stock plunged 27%, to $10.67, for a loss of $3.98 per share, on volume of 11 million shares.

As a result of defendants' false statements, EPIX shares traded at inflated prices during the Class Period, causing millions of dollars of damage to Movants and the Class.

**B.    Movants**

Movants consist of two entities: Disciplined Growth Investors, Inc. ("DGI") and Compass Investors Limited Partnership ("Compass").

DGI is an investment management firm headquartered in Minneapolis, Minnesota. Frederick K. Martin, CFA serves as its President and Chief Information Officer. Mr. Martin is also DGI's lead portfolio strategist. DGI manages its client's assets pursuant to an agreement which contains express language conferring on it status as its client's attorney-in-fact. *See* Declaration of John C. Martland In Support of Motion of the Disciplined Growth Investors Group for Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Lead Counsel (the "Martland Declaration") at Exhibit C, ¶2 ("Adviser, as agent and attorney-in-fact...may...(c)act on behalf of Client in all matters whatsoever necessary or incidental to the serving of the Portfolio").

Compass is a New York state registered limited partnership which serves as an investment vehicle for its partners. DGI is Compass's general partner and Mr. Martin, a special limited partner, acts as its managing agent, in addition to being one of its limited partners.

**II.    PROCEDURAL HISTORY**

Plaintiff H. D. Yorston commenced case number 1:05-cv-10166, the first-filed related case, on January 27, 2005. On that day, counsel for plaintiffs published a notice of pendency of plaintiffs' case.

*See* Martland Declaration at Exhibit A. In addition to the *Yorston* action, five subsequent related actions (the "Related Actions") have been filed, and each of the Related Actions is reflected above in the caption of this document and entabled hereinbelow:

| Case Title | Case No. | Date Filed |
|---|---|---|
| *Yorston v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10166 | 01/27/2005 |
| *Greene v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10194 | 02/01/2005 |
| *Johnson, et al., v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10272 | 02/10/2005 |
| *Doraville v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10288 | 02/11/2005 |
| *Kim v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10315 | 02/16/2005 |
| *Tolwin v. EPIX Pharmaceuticals, Inc., et al.* | 1:05-cv-10388 | 02/28/2005 |

Movants bring the instant motion pursuant to plaintiffs' notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the January 27, 2005, notice.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

##### 1. Consolidation is Appropriate

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *Storlazzi v. Bakey*, 894 F.Supp. 494, 499-500 (D.Mass. 1995). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

Courts have recognized that shareholder class actions are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See, e.g. City of Harper Woods Employees Retirement System v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *1-*2 (N.D. Cal. Feb. 7, 2005); *Bassin v. deCODE Genetics, Inc.*, No. 04 Civ. 7050(RJH), 2005 WL 22875, at *1-*2 (S.D.N.Y Jan. 4, 2005). Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately. *Storlazzi*, 894 F. Supp. at 500 *quoting Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir.1984).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### 2. The Court Should Resolve The Issue of Consolidation As a Prerequisite to Appointment of Lead Plaintiffs

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), once the Court decides the consolidation motion, it must appoint lead plaintiffs "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in advancing these actions, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A

prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the Related Actions now pending in this District.

### B. Movants Should Be Appointed Lead Plaintiffs

Section 21D(a)(3)(B) (15 U.S.C. § 78u-4(a)(3)(B)) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that the Disciplined Growth Investors Group is the most adequate Lead Plaintiff for the Class.

### 1. Movants Are Making A Motion In Response To A Notice

6

On January 27, 2005, counsel for plaintiff H.D Yorston published a notice of pendency of plaintiffs' case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of EPIX securities that they had until March 28, 2005, to file a motion to be appointed as Lead Plaintiff. Martland Declaration, Exhibit A. Movants have filed the instant motion pursuant to this published notice and submit documentation of their substantial losses due to their transactions in EPIX common stock. *See* Martland Declaration, Exhibit B; *cf. Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 64 (D.Mass. 1996) (appointing movants who demonstrated "they have the largest financial interest in the relief sought by the class."). Movants have already demonstrated a high level of interest in this litigation by communicating with counsel regarding the status and facts of the case and by making this motion. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2. Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being 'lawyer-driven.' " *In re Enron Corp. Securities Litigation,* 206 F.R.D. 427, 438 (S.D. Tex. 2002); *see also Greebel*, 939 F.Supp. at 63-64 *quoting* 1995 U.S.C.C.A.N. at 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts....").

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "*person or group of persons*" that, among other things, "has the largest financial interest in the relief sought by the class." *See* §21D(a)(3)(B). The statutory language explicitly provides that a "*member or members*" of the class or the "*person or group of persons*" may combine to constitute "the largest financial interest" and thereby jointly serve as the "most adequate plaintiff." *Id*.; *see also, In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350, n. 11 (S.D. Cal. 1998). Thus, according to the plain language of the statute, individual plaintiffs may aggregate their losses in order to serve as the lead plaintiff.

Here, the Disciplined Growth Investors Group purchased EPIX securities during the Class Period, and have suffered aggregate losses of $1,828,599.68. Martland Declaration, Exhibit C. Moreover, the Disciplined Growth Investors Group, comprising two movants, is a "small group of manageable size that is capable of joint decisionmaking regarding the litigation," consistent with the provisions of the PSLRA. *See Takeda v. Turbodyne Technologies, Inc.*, 67 F.Supp.2d 1129, 1135 (C.D.Cal. 1999); *see also EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F.Supp.2d 435, 443 (W.D.Pa. 2001). To the best of their knowledge, Movants believe that they have the largest financial interest in this case, and thus satisfiy the largest financial interest requirement to be appointed as Lead Plaintiffs for the Class.

Because the Disciplined Growth Investors Group is a small, manageable group, is comprised of institutional investors and believes it has largest financial interest in this case – in excess of $1.8 million – Movants are presumptively the most-adequate Lead Plaintiffs.

### 3. Movants Satisfy The Requirements Of Rule 23

**Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Greebel,* 939 F. Supp. at 64. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441*; In re Waste Management,* 128 F. Supp. 2d 401(S.D.Tx. 2000); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

    a.    **Movants' Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims

9

are based on the same legal theory. *See Enron,* 206 F.R.D. at 441. Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning EPIX business operations and prospects. Movants, like all of the members of the Class, purchased EPIX securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions, and were damaged thereby. The interests of Movants and other Class members are closely aligned and they are, therefore, typical of the other members of the Class.

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [R]epresentation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda ,* 67 F. Supp. 2d at 1133 (C.D. Cal. 1999) (citing *In re Northern Dist of Cal., Daikon Shield IUD Prod. Lab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. III 1986). Movants have demonstrated their adequacy as lead plaintiffs by evincing a strong desire to prosecute these actions on behalf of the Class. Movants have made this motion to be appointed Lead Plaintiff. Movants have also

sustained significant losses from their investments in EPIX securities and are, therefore, extremely motivated to pursue the claims in this action. Martland Declaration, Exhibit B.

### 4. Movants Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants should be appointed Lead Plaintiff for the Class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained Glancy Binkow & Goldberg LLP and Moulton & Gans P.C., to pursue this litigation on their behalf, and will retain these firms as Plaintiffs' Lead Counsel and Liaison

11

Counsel, respectively, in the event the are appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and Moulton & Gans, P.C. possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Martland Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order consolidating related actions, appointing the Disciplined Growth Investors Group as Lead Plaintiff and approving their choice of Glancy Binkow & Goldberg LLP as Lead Counsel, with Moulton & Gans, P.C. as Liaison Counsel, and to grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: March 28, 2005                    **MOULTON & GANS, P.C.**

/s/ Nancy Freeman Gans
Nancy Freeman Gans, BBO #184540
33 Broad Street, Suite 1100
Boston, Massachusetts 02109
Telephone:     (617) 369-7979
Facsimile:     (671) 369-7980

*Proposed Liaison Counsel*

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067

12

Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160

*Proposed Lead Counsel*


**BRENNAN MANNA & DIAMOND LLC**
Frank A. Lettieri
75 E. Market Street
Akron, Ohio 44308
Telephone:   (330) 255-1155
Facsimile:   (330) 255-1156

**MURRAY, FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:   (212) 682-1818
Facsimile:   (212) 682-1892

*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party on March 28, 2005.

/s/ Nancy Freeman Gans
Nancy Freeman Gans