UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| H.D. YORSTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-10166 (PBS) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT GREENE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-10194 (WGY) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF OKLAHOMA FIREFIGHTERS PENSION & RETIREMENT SYSTEM TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| JOHN C. JOHNSON, JR., JOHN C. JOHNSON JR. TARGET BENEFIT PENSION, JEFFREY S. JOHNSON, and JOHN C. JOHNSON JR. DEFINED BENEFIT PENSION PLAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD,<br><br>                Defendants. | Civil Action No. 1:05-CV-10272 (GAO) |
| DORAVILLE MANAGEMENT II CORP., BY DONALD RAMIREZ, PRESIDENT, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD,<br><br>                Defendants. | Civil Action No. 1:05-CV-10288 (PBS) |

[Captions continued on next page]

| | |
|---|---|
| STANLEY A. KIM, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:05-CV-10315 (PBS) |
| YALE TOLWIN, on behalf of himself and all persons similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>) | Civil Action No. 1:05-CV-10388 (PBS) |

00004477.WPD ; 1

**PRELIMINARY STATEMENT**

EPIX Pharmaceuticals, Inc. (f/k/a EPIX Medical, Inc.) (collectively referred to as "EPIX" or the "Company") institutional investor Oklahoma Firefighters Pension & Retirement System ("Oklahoma Firefighters" or "Movant") has losses totaling approximately $758,752.39 as a result of its investments in EPIX. Accordingly, Oklahoma Firefighters is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movant hereby moves for its appointment as lead plaintiff of a proposed class of persons or entities who purchased or acquired the securities of EPIX between March 18, 2002 and January 14, 2005, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Oklahoma Firefighters, with losses of approximately $758,752.39, in connection with its purchases of EPIX securities during the Class Period, is suitable and adequate to serve as lead plaintiff.[1] Oklahoma Firefighters has submitted a certification signed by its Executive Director, Robert Jones, Jr., who is authorized to bind the company into litigation, demonstrating its desire

---

[1]  The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

to serve as the lead plaintiff in this action and its understanding of the attendant duties and obligations of serving as such. *See* Pastor Decl. at Exhibit A.[/2] Oklahoma Firefighters' losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. *See* Pastor Decl. at Exhibit C. Oklahoma Firefighters is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses. In addition, Oklahoma Firefighters satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and therefore, is qualified for appointment as lead plaintiff in these actions. Thus, as demonstrated herein, Oklahoma Firefighters is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

Oklahoma Firefighters respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Oklahoma Firefighters to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving Oklahoma Firefighters' selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (4) approving Oklahoma Firefighters' selection of Gilman & Pastor, LLP to serve as Liaison Counsel for the Class.

---

[/2] Oklahoma Firefighters' sworn certification documenting its transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of David Pastor In Support Of Motion Of Oklahoma Firefighters Pension & Retirement System To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel and Liaison Counsel (the "Pastor Decl.").

**PROCEDURAL BACKGROUND**

The first of the Related Actions was commenced in this jurisdiction on or about January 27, 2005.[3] Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on January 27, 2005, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than March 28, 2005. *See* Pastor Decl. at Exhibit B.

Oklahoma Firefighters is a class member (*see* Pastor Decl. at Exhibit A) and is timely filing this motion within the 60 day period following publication of the January 27, 2005 notice pursuant to Section 21D of the PSLRA.

**STATEMENT OF FACTS**[4]

EPIX is a Delaware corporation with its principal executive offices located in Cambridge, Massachusetts. EPIX is a developer of targeted contrast agents that are designed to improve the diagnostic quality of images produced by magnetic resonance imaging ("MRI"). MRI is an imaging technology for a range of applications, including the identification and diagnosis of a variety of medical disorders.

Throughout the Class Period, defendants made materially false and misleading statements regarding the final Phase III trials of its product MS-325, a contrast agent designed specifically to

---

[3] Upon all information and belief, the first filed lawsuit against defendants, *Yorston v. Epix Pharmaceuticals, Inc., et al.,* No. 1:05-CV-10166 (PBS) was filed in the District of Massachusetts on January 27, 2005.

[4] These facts were derived from the allegations contained in the class action styled as *Greene v. Epix Pharmaceuticals, Inc., et al.,* No. 1:05-CV-10194 (WGY) (D. Mass.).

provide visual imaging of the vascular system for a type of MRI known as magnetic resonance angiography ("MRA"). Defendants failed to disclose that non-contrast MRA comparator scans used in the Phase III trials varied significantly which caused the efficacy of MS-325 to be compromised and that the Company's Phase III trials generated a large number of uninterpretable images, which too caused the efficacy of MS-325 to be compromised. Furthermore, defendants failed to disclose that problems described above resulted in varying and questionable statical treatments of the images seen during the Phase III trial, and that as a result of the above, the likelihood of MS-325's New Drug Application being approved by the Food and Drug Administration ("FDA") was highly unlikely.

On January 14, 2005, EPIX revealed that they received a letter from the FDA requesting additional clinical studies be performed to demonstrate the efficacy of MS-325 prior to its approval by the FDA. Defendants also revealed that their timeline in completing additional studies would take several months.

On the receipt of this news, shares of EPIX fell $3.98 per share or 27.17 percent, to close at $10.67 per share, on unusually high trading volume.

## ARGUMENT

**I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired EPIX securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of EPIX securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions

involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); *In re PRI Automation, Inc. Sec. Litig.,* 145 F. Supp. 2d 138, 140 (D. Mass. 2001).  That test is met here.  Therefore, these Related Actions should be consolidated.

## II.   OKLAHOMA FIREFIGHTERS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  See 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Plaintiff in the first-filed action published a notice on *Business Wire* on January 27, 2005.  See Pastor Decl. at Exhibit B.[5]  This notice indicated that applications for appointment as lead plaintiff were to be made no later than March 28, 2005.  Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. § 78u-

---

[5]   *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  See generally *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

The purpose behind this detailed procedure is to encourage large investors, like Oklahoma Firefighters, to take control of private securities litigation. Moreover, it reflects Congress' view that institutional plaintiffs, like Oklahoma Firefighters, have the expertise and financial wherewithal to seize the reigns of these class actions rather than ceding control to the lawyers. *See In re Tyco Int'l, Ltd. Sec. Litig.,* No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 13390, at *5-6 (D.N.H. Aug. 17, 2000) (noting that "in enacting the PSLRA Congress sought to empower investors so that they, not their lawyers, control private securities litigation") (internal quotations and citations omitted).

### B. Oklahoma Firefighters Is "The Most Adequate Plaintiff"

#### 1. Oklahoma Firefighters Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movant timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2. Oklahoma Firefighters Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Tyco,* 2000 U.S. Dist. LEXIS 13390, at *19. As is demonstrated herein, Oklahoma Firefighters (with losses of $758,752.39) has the largest known financial interest in the relief sought by the Class. *See* Pastor Decl. at Exhibit C.

#### 3. Oklahoma Firefighters Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lernout,* 138 F. Supp. 2d at 46*; see also Tyco,* 2000 U.S. Dist. LEXIS 13390, at *20. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### a.     Oklahoma Firefighters Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if each class member's claim arises from "the same events or course of conduct and involve[s] the same legal theory as do the claims of the rest of the class." *Lernout,* 138 F. Supp. 2d at 46 (internal quotations and citations omitted). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *Id.*

Movant seeks to represent a class of purchasers of EPIX securities which have identical, non-competing and non-conflicting interests. Oklahoma Firefighters satisfies the typicality requirement because, just like all other class members, it: (1) purchased or acquired EPIX securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Oklahoma Firefighters' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

### b. Oklahoma Firefighters Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests.  15 U.S.C. § 78u-4(a)(3)(B).  As detailed above, Oklahoma Firefighters shares common questions of law and fact with the members of the Class and its claims are typical of the claims of other class members.  Further, Oklahoma Firefighters already has taken significant steps demonstrating that it has and will protect the interests of the Class: it has executed a certification detailing its Class Period transactions and expressing its willingness to serve as lead plaintiff; it has moved this Court to be appointed as lead plaintiff in this action; and it has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner.  *See Lernout*, 138 F. Supp. 2d at 46.  (discussing adequacy requirement).  Furthermore,Oklahoma Firefighters has the largest known financial interest which gives them "an incentive to prosecute the action vigorously."  *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Thus, Movant, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Moreover, the legislative history of the PSLRA demonstrates that Congress intended to encourage large investors, such as Oklahoma Firefighters, to come forward to serve as lead plaintiff. As the Statement of Managers of the Act noted:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiff by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff."
>
> <u>Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.</u>

House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995) (Emphasis added).

> Similarly, the Senate report on the Act states in pertinent part:
> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts.
>
> <u>Institutions with large stakes in class actions have much the same interest as the plaintiff class generally</u> . . . .

Senate Report No. 104-98, 104th Cong. 1st Sess. at 11 (1995) (emphasis added). Thus, the appointment of Oklahoma Firefighters as lead plaintiff would comply with the policy instituted by the PSLRA that securities class actions be controlled by institutional investors.

### III. THE COURT SHOULD APPROVE OKLAHOMA FIREFIGHTERS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movant has selected and retained Schiffrin & Barroway, LLP to serve as Lead Counsel for the Class and Gilman & Pastor, LLP to serve as Liaison Counsel for the Class. These firms have extensive experience in

prosecuting complex securities actions and are well qualified to represent the Class. *See* Pastor Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that the Movant is subject to unique defenses -- which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint Oklahoma Firefighters as lead plaintiff and approve its selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class and Gilman & Pastor, LLP as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Oklahoma Firefighters as Lead Plaintiff; (c) approve Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (d) approve Gilman & Pastor, LLP as Liaison Counsel for the Class.

Dated: March 28, 2005                     Respectfully submitted,

**GILMAN AND PASTOR, LLP**

/s/David Pastor
David Pastor (BBO#391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone:   (781) 231-7851
Facsimile:   (781) 231-7840

**Proposed Liaison Counsel**

        **SCHIFFRIN & BARROWAY, LLP**
Stuart L. Berman
Sean M. Handler
Robin Winchester
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

**Proposed Lead Counsel**