# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| H.D. YORSTON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-10166 (PBS) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| ROBERT GREENE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-10194 (WGY) |
| EPIX PHARMACEUTICALS, INC., MICHAEL D. WEBB, PEYTON J. MARSHALL, and ANDREW UPRICHARD, | ) ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

**DECLARATION OF DAVID PASTOR IN SUPPORT OF MOTION OF OKLAHOMA FIREFIGHTERS PENSION & RETIREMENT SYSTEM TO CONSOLIDATE ACTIONS TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD <u>COUNSEL AND LIAISON COUNSEL</u>**

00004478.WPD ; 1

JOHN C. JOHNSON, JR., JOHN C.               )
JOHNSON JR. TARGET BENEFIT                  )
PENSION, JEFFREY S. JOHNSON, and            )
JOHN C. JOHNSON JR. DEFINED                 )
BENEFIT PENSION PLAN, individually          )
and on behalf of all others similarly       )     Civil Action No. 1:05-CV-10272 (GAO)
situated,                                   )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )
                                            )
EPIX PHARMACEUTICALS, INC.,                 )
MICHAEL D. WEBB, PEYTON J.                   )
MARSHALL, and ANDREW                        )
UPRICHARD,                                  )
                                            )
                    Defendants.             )

DORAVILLE MANAGEMENT II CORP.,              )
BY DONALD RAMIREZ, PRESIDENT,               )
on behalf of himself and all others similarly )
situated,                                   )
                                            )
                    Plaintiff,              )     Civil Action No. 1:05-CV-10288 (PBS)
                                            )
            v.                              )
                                            )
EPIX PHARMACEUTICALS, INC.,                 )
MICHAEL D. WEBB, PEYTON J.                   )
MARSHALL, and ANDREW                        )
UPRICHARD,                                  )
                                            )
                    Defendants.             )

[Captions continued on next page]

00004478.WPD ; 1

STANLEY A. KIM, on behalf of himself          )
and all others similarly situated,            )
                                              )
                    Plaintiffs,               )
                                              )
            v.                                )    Civil Action No. 1:05-CV-10315 (PBS)
                                              )
EPIX PHARMACEUTICALS, INC.,                   )
MICHAEL D. WEBB, PEYTON J.                    )
MARSHALL, and ANDREW                          )
UPRICHARD,                                    )
                                              )
                    Defendants.               )
                                              )

YALE TOLWIN, on behalf of himself and         )
all persons similarly situated,               )
                                              )
                    Plaintiffs,               )
                                              )
            v.                                )    Civil Action No. 1:05-CV-10388 (PBS)
                                              )
EPIX PHARMACEUTICALS, INC.,                   )
MICHAEL D. WEBB, PEYTON J.                    )
MARSHALL, and ANDREW                          )
UPRICHARD,                                    )
                                              )
                    Defendants.               )
                                              )

00004478.WPD ; 1

David Pastor, declares under penalty of perjury this 28th day of March 2005:

1.      I am an attorney at the law firm of Gilman & Pastor, LLP.  I submit this declaration in support of the motion of Oklahoma Firefighters Pension & Retirement System to consolidate actions, for the appointment of lead plaintiff and for approval of lead plaintiff's selection of lead counsel and liaison counsel.

2.      Attached hereto as Exhibit A is true and correct copy of the signed certification of class member Oklahoma Firefighters Pension & Retirement System pursuant to the requirements of the Private Securities Litigation Reform Act of 1995.  15 U.S.C. § 78u-4(a)(2).

3.      Attached hereto as Exhibit B is a true and correct copy of the notice to class members concerning the first-filed of the above-captioned actions that was published on January 27, 2005 on *Business Wire*, advising the public of the pendency of a class action filed on behalf of shareholders of EPIX Pharmaceuticals, Inc. ("EPIX").

4.      Attached hereto as Exhibit C is a true and correct copy of a chart of Oklahoma Firefighters Pension & Retirement System's transactions in EPIX securities and approximate losses.

5.      Attached hereto as Exhibit D is a true and correct copy of the firm biography for Schiffrin & Barroway, LLP, the law firm seeking the Court's approval as lead counsel.

6.      Attached hereto as Exhibit E is a true and correct copy of the firm biography for Gilman and Pastor, LLP, the law firm seeking the Court's approval as liaison counsel.

I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed on March 28, 2005.

_David Pastor_

DAVID PASTOR

# EXHIBIT A

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

Oklahoma Firefighters Pension and Retirement System ("Plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1.    Plaintiff has reviewed the Complaint and authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.    Attached are Plaintiff's transactions in EPIX Pharmaceuticals, Inc. (Nasdaq: EPIX) securities during the Class Period.

5.    I am authorized to make decisions on behalf of the Oklahoma Firefighters Pension and Retirement System.

6.    Plaintiff will endeavor to provide fair and adequate representation and work directly with the efforts of Class counsel to ensure that we obtain the largest recovery for the Class consistent with good faith and meritorious judgment.

7.    During the three years prior to the date of this Certification, Plaintiff has served or sought to serve as a representative party in the following actions filed under the federal securities laws:

> *In re Impath, Inc. Sec. Litig.*, No. 1 :03-CV-05667 (DAB) (S.D.N.Y.)
> *Haverman v. El Paso Corp., et al.*, No. 4:04-C V-632 (S.D. Tex.)
> *In re Central Freight Lines Sec. Litig.*, No. W-04-CA-177 (W.D. Tex.)

8.    Plaintiff will not accept any payment for serving as a representative party on behalf of the Class beyond the Plaintiff's pro rata share of any recovery, except such

reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the forgoing is true and correct.

Executed this day of March, 2005.

Oklahoma Firefighters Pension and Retirement System

By: _____

Robert F. Jones, Jr. - *Executive Director*

00093307.DOC

# Oklahoma Firefighters Pension and Retirement System

| Date | Purchase or Sale | Number of Securities | Type of Securities | Price of Securities |
|---|---|---|---|---|
| 2/13/2004 | Purchase | 19,030 | Com Stk | 21.5426 |
| 2/17/2004 | Purchase | 14,360 | Com Stk | 22.6782 |
| 2/18/2004 | Purchase | 15,710 | Com Stk | 20.6232 |
| 3/18/2004 | Purchase | 9,544 | Com Stk | 20.0100 |
| 7/9/2004 | Purchase | 1,600 | Com Stk | 20.2543 |
| 7/12/2004 | Purchase | 1,300 | Com Stk | 20.2607 |
| 7/13/2004 | Purchase | 1,100 | Com Stk | 20.7017 |
| 7/14/2004 | Purchase | 1,900 | Com Stk | 20.7334 |
| 7/15/2004 | Purchase | 700 | Com Stk | 20.7429 |
| 7/16/2004 | Purchase | 2,700 | Com Stk | 20.5178 |
| 7/19/2004 | Purchase | 4,700 | Com Stk | 20.0638 |
| 7/20/2004 | Purchase | 2,100 | Com Stk | 20.4978 |
| 7/21/2004 | Purchase | 2,600 | Com Stk | 20.2596 |
| 7/22/2004 | Purchase | 500 | Com Stk | 19.8362 |
| | | | | |
| 3/18/2004 | Sale | 9,544 | Com Stk | 20.0100 |
| 3/23/2004 | Sale | 1,500 | Com Stk | 19.0247 |
| 3/23/2004 | Sale | 2,100 | Com Stk | 19.0429 |
| 3/24/2004 | Sale | 5,944 | Com Stk | 19.0241 |

# EXHIBIT B

Yahoo! My Yahoo! Mail

Search the Web [          ] [ Search ]

Finance Home - Help

**YAHOO!** FINANCE **Sign In** New User?Sign Up

Business Wire

**Welcome** [Sign In]                                    To track stocks & more, Register

**Financial News**

Enter symbol(s) [        ] [ Basic ▾ ] [ Get ] Symbol Lookup

**Press Release**                    Source: Lerach Coughlin Stoia Geller Rudman & Robbins LLP

# Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class Action Suit against EPIX Pharmaceuticals, Inc.

Thursday January 27, 4:40 pm ET

NEW YORK--(BUSINESS WIRE)--Jan. 27, 2005--Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") (http://www.lerachlaw.com/cases/epix/) today announced that a class action lawsuit has been commenced in the United States District Court for the District of Massachusetts on behalf of purchasers of EPIX Pharmaceuticals, Inc. ("EPIX") (NASDAQ:EPIX - News) securities during the period between July 10, 2003 and January 14, 2005 (the "Class Period").

If you wish to serve as lead plaintiff, you must move the Court no later than 60 days from today. If you wish to discuss this action or have any questions concerning this notice or your rights or interests, please contact plaintiff's counsel, Samuel H. Rudman or David A. Rosenfeld of Lerach Coughlin at 800/449-4900 or 619/231-1058 or via e-mail at wsl@lerachlaw.com. If you are a member of this class, you can view a copy of the complaint as filed or join this class action online at http://www.lerachlaw.com/cases/epix/. Any member of the purported class may move the Court to serve as lead plaintiff through counsel of their choice, or may choose to do nothing and remain an absent class member.

The complaint charges EPIX and certain of its officers and directors with violations of the Securities Exchange Act of 1934. EPIX (formerly known as EPIX Medical Inc.) is a developer of targeted contrast agents that are designed to improve the diagnostic quality of images produced by magnetic resonance imaging ("MRI"). MRI is an imaging technology for a range of applications, including the identification and diagnosis of a variety of medical disorders.

The complaint alleges that, by the start of the Class Period, defendants became aware of clinical quality issues with the underlying data for their MS-325 Phase III program. MS-325 is designed to provide visual imaging of the vascular system through a type of MRI known as magnetic resonance angiography. These issues, including the generation of unintelligible imaging scans, made difficult, if not impossible, the proper control of their clinical test results and statistical analysis of the data and results. On December 16, 2003, defendants announced the submission of their New Drug Application ("NDA") for MS-325. Defendants continued to conceal the serious problems with their clinical program, specifically the poor quality of the underlying clinical data and problems with the statistical analysis. Defendants instead made positive and encouraging remarks about their "extensive scientific and clinical development" activities and prospects for product approval.

Then, on January 14, 2005, as alleged in the Complaint, the Company reported shocking news about the MS-325 submission. Although defendants sought to place a positive spin on their receipt of an "approvable" action letter from the U.S. Food & Drug Administration ("FDA") for MS-325, the news was far from positive. The FDA had determined that problems with the Phase III clinical trials were so serious that it was impossible for them to come to a conclusion about the efficacy of MS-325. Worse, the FDA noted problems with the underlying data itself, problems that could not be resolved simply on the basis of re-analysis of the data. Thus, defendants delivered a serious setback to investors and, based on their news, the price of EPIX stock plunged 27%, to $10.67, for a loss of $3.98 per share, on volume of 11 million shares.

Plaintiff seeks to recover damages on behalf of all purchasers of EPIX securities during the Class Period (the "Class"). The plaintiff is represented by Lerach Coughlin, which has expertise in prosecuting investor class actions and extensive experience in actions involving financial fraud.

Lerach Coughlin, a 140-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston, Philadelphia and Seattle, is active in major litigations pending in federal and state courts throughout the United States and has taken a leading role in many important actions on behalf of defrauded investors, consumers, and companies, as well as victims of human rights violations. Lerach Coughlin lawyers have been responsible for more than $20 billion in aggregate recoveries. The Lerach Coughlin Web site (http://www.lerachlaw.com) has more information about the firm.

Contact:

        Lerach Coughlin Stoia Geller Rudman & Robbins LLP
        William Lerach, 800-449-4900
        Samuel H. Rudman
        David A. Rosenfeld
        wsl@lerachlaw.com

        _____

Source: Lerach Coughlin Stoia Geller Rudman & Robbins LLP

Copyright © 2005 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2005 Business Wire. All rights reserved. All the news releases provided by Business Wire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials by posting, archiving in a public web site or database, or redistribution in a computer network is strictly forbidden.

# EXHIBIT C

## EPIX PHARMACEUTICALS, INC. ESTIMATED LOSSES

| PLAINTIFF | PURCHASE TRANSACTIONS | | | | SALES TRANSACTIONS | | | | ESTIMATED LOSSES |
|---|---|---|---|---|---|---|---|---|---|
| | DATE | SHARES | SHARE PRICE | PURCHASE AMOUNT | DATE | SHARES | SHARE PRICE | SALES AMOUNT | |
| Oklahoma Firefighters Pension & Retirement System | 2/13/2004 | 19,030 | 21.5426 | 409,955.68 | 3/18/2004 | 9,544 | 20.0100 | 190,975.44 | (218,980.24) |
| | 2/17/2004 | 14,360 | 22.6782 | 325,658.95 | 3/23/2004 | 1,500 | 19.0247 | 28,537.05 | (297,121.90) |
| | 2/18/2004 | 15,710 | 20.6232 | 323,990.47 | 3/23/2004 | 2,100 | 19.0429 | 39,990.09 | (284,000.38) |
| | 3/18/2004 | 9,544 | 20.0100 | 190,975.44 | 3/24/2004 | 5,944 | 19.0241 | 113,079.25 | (77,896.19) |
| | 7/9/2004 | 1,600 | 20.2543 | 32,406.88 | RETAINED | 58,756 | 8.6802 | 510,013.83 (1) | 477,606.95 |
| | 7/12/2004 | 1,300 | 20.2607 | 26,338.91 | | | | | (26,338.91) |
| | 7/13/2004 | 1,100 | 20.7017 | 22,771.87 | | | | | (22,771.87) |
| | 7/14/2004 | 1,900 | 20.7334 | 39,393.46 | | | | | (39,393.46) |
| | 7/15/2004 | 700 | 20.7429 | 14,520.03 | | | | | (14,520.03) |
| | 7/16/2004 | 2,700 | 20.5178 | 55,398.06 | | | | | (55,398.06) |
| | 7/19/2004 | 4,700 | 20.0638 | 94,299.86 | | | | | (94,299.86) |
| | 7/20/2004 | 2,100 | 20.4978 | 43,045.38 | | | | | (43,045.38) |
| | 7/21/2004 | 2,600 | 20.2596 | 52,674.96 | | | | | (52,674.96) |
| | 7/22/2004 | 500 | 19.8362 | 9,918.10 | | 77,844 | | | (9,918.10) |
| | | 77,844 | | | | | | | (758,752.39) |
| **TOTAL FOR OKLAHOMA FIREFIGHTERS PENSION & RETIREMENT SYSTEM** | | | | | | | | | **(758,752.39)** |

**CLASS PERIOD: 3/18/02 - 1/14/05, inclusive**

(1) For shares retained at the end of the Class Period, estimated damages are calculated by multiplying those shares by the moving mean average price per share of EPIX Pharmaceuticals, Inc. during the 90-days after the end of the Class Period. The price used is 8.6802 as of March 24, 2005.

# EXHIBIT D



# Firm Biography

Schiffrin & Barroway, LLP, located just outside of Philadelphia, has specialized in complex class action litigation for nearly twenty years, representing shareholders and consumers in class action litigation in state and federal courts throughout the United States. During the firm's successful history, Schiffrin & Barroway has recovered billions of dollars for defrauded stockholders and aggrieved consumers. The firm, which has developed a nationwide reputation for excellence, is led by its senior partners, Richard S. Schiffrin and Andrew L. Barroway, with assistance from partners, Marc A. Topaz, David Kessler, Katharine M. Ryan, Stuart L. Berman, Gregory M. Castaldo, Michael K. Yarnoff, Joseph H. Meltzer, and numerous experienced associates and staff.

The firm focuses primarily on the prosecution of securities fraud litigation, derivative actions and transactional litigation brought against public companies, executives, auditors and investment banking firms. In addition, Schiffrin & Barroway represents consumers in drug and product litigation as well as employees in ERISA/401K litigation.

Schiffrin & Barroway has represented various public and Taft-Hartley pension funds, private institutional investors, and hundreds of individual investors as Lead or Co-Lead Counsel in class action litigation in state and federal courts throughout the United States. Currently, Schiffrin & Barroway is acting as Lead or Co-Lead Counsel in class action suits against such companies as Tyco, Tenet Healthcare, and Sprint. Schiffrin & Barroway is currently involved in several other high profile cases across the country. Of particular note, we are currently prosecuting the action *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS), as one of only six law firms comprising Plaintiffs' Counsel's Executive Committee. Our firm was selected from over sixty law firms which had brought such actions. This litigation, which is pending in the

Southern District of New York, challenges the legality of the IPO allocation practices of virtually all of the major investment banking firms from 1998 through 2000 and encompasses over 300 coordinated actions. The litigation has produced a $1 billion settlement with the issuer defendants which was recently granted preliminary approval from the Court and continues against the underwriter banks. In addition, we are particularly proud of the results recently achieved as sole lead counsel before the Honorable Joel A. Pisano in *In re AremisSoft Corp. Sec. Litig.*, C.A. No. 01-CV-2486 (D.N.J. 2002). This case was extraordinarily complex as it involved the embezzlement of hundreds of millions of dollars by former officers of the Company who are now fugitives. The settlement of the action against the Company allowed for the Company to be reorganized so it could continue operations while establishing a litigation trust to pursue claims against the Company's auditors, its counsel, as well as those individuals that looted the Company. The Settlement provides the class with a majority of the equity in the new company, Softbrands, as well as their pro rata share of all monies recovered by the litigation trust. The Court-appointed co-trustees of the litigation trust have retained Schiffrin & Barroway to continue prosecuting the actions on behalf of the litigation trust. In this capacity, we have filed an action in the Isle of Man successfully freezing more than $200 million of stolen funds and are in the process of attempting to recover the money. In addition, we are continuing to pursue the litigation trust's claims. The *AremiSoft* litigation is a perfect example of one area of the firm's expertise, which is to creatively structure  settlements with financially troubled companies.

Indeed, Schiffrin & Barroway is often commended by courts throughout the country for its excellent work:

> "I know you know that I take this responsibility seriously and try to think hard about these issues. And I do want to compliment class counsel. I think that you behaved responsively here and gave very good service to the class. They were well served by you."
>
> - The Honorable Denise Cote of the United States District Court for the Southern District of New York approving the settlement of *In re Interpublic Securities Litigation*.

> "Now, this goes back to the original approval of the securities fraud settlement because I found in my opinion approving the settlement that

counsel for the class were to be commended because they cast their lot along with their clients. That is to say that counsel's fees were to be determined and paid in accordance with the way the class members were going to be paid; that this was, in my view, a creative and unique approach to the problem of paying fees to class counsel in a securities fraud case."

- The Honorable Joel A. Pisano of the United States District Court for the District of New Jersey approving the settlement in *In re AremisSoft Corporation Securities Litigation*.

For clients with large investments, Schiffrin& Barroway will monitor their securities holdings, calculate their losses and alert them when actions relating to their holdings have been filed and/or settled. We also offer advice regarding joining an action, seeking to be a lead plaintiff, opting out of an action, bringing an individual action, and/or filing proofs of claim in order to share in a recovery as a class member.

Further information regarding the firm, the services which we provide, and cases which we are currently litigating can be found on our web-site at http://www.sbclasslaw.com.

**Richard S. Schiffrin**, founding partner of the firm, is licensed to practice law in Illinois and Pennsylvania, and has been admitted to practice before numerous United States District Courts. In his seven years of practice with the Office of the Public Defender of Cook County, Illinois, Mr. Schiffrin represented hundreds of clients in both bench and jury trials, as well as appeals. Mr. Schiffrin has also taught legal writing and appellate advocacy at John Marshall Law School and has served as a faculty member at numerous legal seminars including the Annual Institute on Securities Regulation, NERA:Finance, Law & Economics - Securities Litigation Seminar, the Tulane Corporate Law Institute, and the CityBar Center for CLE (NYC):Ethical Issues in the Practice of Securities Law. Most recently Mr. Schiffrin spoke at the MultiPensions 2004 conference in Amsterdam. Netherlands. Mr. Schiffrin oversees all aspects of litigation on behalf of the firm. Mr. Schiffrin has been recognized for his expertise in numerous cases including most prominently:

   *In re AremisSoft Corp. Sec. Litig., C.A. No. 01-CV-2486 (D.N.J. 2002)*

In settling this action, which involved the embezzlement of hundreds of millions of dollars by former officers of the Company who are now fugitives, Mr. Schiffrin assisted in reorganizing the Company to allow for it to continue operations, while successfully separating out the securities fraud claims and the bankrupt Company's claims into a litigation trust. Mr. Schiffrin, along with Schiffrin & Barroway partner Stuart Berman, crafted a settlement which calls for the class to receive the majority of the equity in the new company, as well as their pro rata share of any amounts recovered by the litigation trust. In addition, Court-appointed co-trustees of the litigation trust, Joseph P. LaSala, Esq. and Fred S. Zeidman, chose to retain Mr. Schiffrin and the firm to continue to prosecute the actions on behalf of the litigation trust. In this capacity, the firm filed an action in the Isle of Man and successfully froze more than $200 million of stolen funds and is in the process of attempting to recover the money on behalf of the litigation trust. In addition, Mr. Schiffrin and the firm continues to litigate the trust's claims.

.   *Henry v. Sears, et al, Case No. 98 C 4110 (N.D. Ill. 1999)*

Schiffrin & Barroway served as Lead Counsel on behalf of the largest class of credit card holders in history. At stake was the right of Sears and its newly formed affiliate, Sears National Bank ("SNB"), to retroactively increase the interest rates on eleven million credit card accounts with outstanding balances resulting from purchases made prior to the accounts being transferred to SNB. Schiffrin & Barroway alleged that such conduct violated the Truth-in-Lending Act ("TILA"), the National Banking Act and state consumer fraud statutes. After extensively litigating various aspects of liability, an additional nine months were then spent determining damages. The extraordinary complexity of the damage calculations required Mr. Schiffrin and experts from both parties to develop, test and utilize a novel computer model to ascertain total damages for the class and individualized damages for each class member. Ultimately, Mr. Schiffrin and his partner, Mr. Kessler, were able to negotiate a $156 million settlement, which represented approximately 66% of total damages. In approving the settlement, District Court Judge Leinenwebber of the Northern District of Illinois stated:

. . . I am pleased to approve the settlement. I think it does the best that could be done under the circumstances on behalf of the class. . . . The litigation was complex in both liability and damages and required both professional skill and standing which class counsel demonstrated in abundance.

The entire settlement fund of $156 million was distributed without the filing of a single proof of claim form by any class member.

.   *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th Judicial District, 1999):*

Schiffrin & Barroway served as Lead Counsel in a derivative action filed against the officers and directors of Prison Realty Trust, Inc., challenging the transfer of assets from the Company to a private entity owned by several of the Company's top insiders. Numerous federal securities class actions were pending against the corporation at this time. Through the derivative litigation, the Company's top management was ousted, the composition of the Board of Directors was significantly improved and important corporate governance provisions were put in place to prevent future abuse. Mr. Schiffrin, in addition to achieving these desirable results, was able to personally effectuate a global settlement of all pending litigation against the backdrop of an almost certain bankruptcy. The case was resolved in conjunction with the federal securities cases for the payment of approximately $50 million by the Company's insurers and the issuance of over 46 million shares to the class members.

.   *Jordan v. State Farm Insurance Company, Case No. 97 CH 11 (Circ. Ct., McLean County, Ill.1998)*

Schiffrin & Barroway brought a claim on behalf of multiple plaintiffs alleging that State Farm had engaged in fraudulent sales practices by "churning" policies and marketing and selling "vanishing premium" policies that never "vanished." After several years of discovery, motion practice and settlement negotiations, Mr. Schiffrin played a critical role in resolving the action for $225 million in cash, dividend enhancements and other monetary benefits for current and former State Farm policyholders. Schiffrin & Barroway also has achieved substantial settlements in 20 additional cases alleging fraudulent sales practices by various insurance companies.

Mr. Schiffrin also has represented defrauded shareholders and companies in complex class and derivative actions including the following:

*Huscher v. Curley, et. al., No. 00 Civ. 21379 (Mich. Cir. Ct., 2000) (In re Sotheby's Holdings, Inc. Derivative Litigation):*

Schiffrin & Barroway served as Lead Counsel in a derivative action arising out of Sotheby's alleged antitrust price fixing conspiracy with auction house rival Christie's International PLC. A multi-million dollar settlement was negotiated by Mr. Schiffrin whereby Diana Brooks (Sotheby's President at the time of the alleged wrongdoing) agreed to relinquish all of her Sotheby's stock options and the Company's insurance carrier made a substantial monetary payment to the Company. In addition, significant changes in the Company's top management and Board of Directors were achieved in conjunction with the settlement of the litigation.

## Andrew L. Barroway, managing partner of the firm, received his law degree from the University of Pennsylvania Law School, where he was a member of the ABA Negotiation team. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Barroway frequently lectures on securities class action and lead plaintiff issues and recently spoke at the 2005 Institutional Investor Hedge Fund Workshop in New York City and the Public Funds Summit 2005 in Phoenix, Arizona. Mr. Barroway has been actively involved in all aspects of litigation on behalf of the firm, and co-manages the firm's securities department. Of his numerous successful representations of shareholders, the following stand out as exceptional:

*In re: Digital Lightwave, Inc. Securities Litigation, Consolidated Case No. 98-152-CIV-T-24E (M.D. Fla. 1999):*

Schiffrin & Barroway served as Co-Lead Counsel in one of the nation's most successful securities class actions. After extensive litigation and negotiations, Mr. Barroway negotiated a settlement of over $180 million in cash and stock, a recovery representing in excess of two hundred percent (200%) of class members' losses. Schiffrin & Barroway believes that this settlement represents the largest percentage recovery for shareholders in securities class action history.

*In re PaineWebber Short-Term U.S. Government Fund Securities Litigation, No. 94-3820 (S.D.N.Y. 1994):*

Schiffrin & Barroway served as Co-Lead Counsel on behalf of plaintiffs alleging violations of the federal securities laws based upon material misrepresentations concerning the Fund's investment objectives and the risks associated with the Fund. Pursuant to the settlement, defendants made payments and provided fee waivers totaling more than $36 million, $33 million of which was in cash. In addition, defendant PaineWebber repurchased ten mortgage-backed securities from the Fund for an aggregate price in excess of $50 million, thus removing the illiquid securities from the Fund.

Mr. Barroway, along with his partner, Mr. Kessler, has also recently negotiated substantial settlements of securities class actions in which Schiffrin & Barroway was Lead or Co-Lead Counsel against Pinnacle Holdings, Cell Pathways, Gateway, Mercator and NetSolve. Mr. Barroway currently represents numerous public and private investment funds, money management firms and individuals in securities fraud litigation as Lead Counsel in actions against Accelerated Networks, ATI Technologies, CompUSA, Livent, NX Networks, Penn Treaty, Performance Technologies, Republic New York, Steven Madden, Vari-L, Kindred Healthcare, The Interpublic Group of Companies, Tenet Healthcare Corporation, and various others.

**Marc A. Topaz**, a partner of the firm, received his law degree from Temple University School of Law, where he was an editor of the Temple Law Review and a member of the Moot Court Honor Society. He also received his Master of Law (L.L.M.) in taxation from the New York University School of Law where he served as an editor of the New York University Tax Law Review. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Topaz manages the firm's derivative and transactional departments. In this regard, Mr. Topaz has been actively involved in litigating the following prominent cases:

   *In re MTC Electronic Shareholder Litigation, No. CV-93-0876 (E.D.N.Y. 1993):*

Schiffrin & Barroway served as co-counsel in a case involving securities fraud by MTC, its officers and directors, underwriters and accountants. The case presented novel issues of Chinese law and required the construction of a database of hundreds of thousands of documents utilized in numerous party and non-party depositions. A $72 million settlement was achieved on the eve of trial.

   *In re Oppenheimer Capital, L.P., Unitholders Litigation, Consolidated No. 16022NC*

   *(Del. Ch. Ct. 1997):*

Schiffrin & Barroway served as Co-Lead Counsel on behalf of plaintiffs alleging that a merger proposed by Pimco Advisors benefitted certain Pimco insiders by disproportionately allocating tax benefits achieved from the restructuring of a limited partnership and failing to provide adequate compensation to the Oppenheimer shareholders. Plaintiffs moved to enjoin the transaction and a settlement was reached whereby defendants agreed to pay a special dividend to Oppenheimer limited partners of approximately $16 million.

   *Wanstrath v. Doctor R. Crants, et al., C.A. No. 99-1719-III (Tenn. Chan. Ct., 20th*

   *Judicial District, 1999): **(description above)***

**David Kessler**, a partner of the firm, graduated with distinction from the Emory School of Law. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. He is also a Certified Public Accountant in Pennsylvania. Mr. Kessler co-manages the firm's nationally recognized securities department. In addition, Mr. Kessler often lectures on securties litigation and recently was a featured speaker on hot topics in securities litigation in a seminar entitled The Explosion and Evolution of Class Action Law in December, 2004 in Philadelphia, Pennsylvania and the Corporate Governance Summit on Corporate Accountability in July, 2003 in New York City.  Mr. Kessler has achieved the following outstanding results in federal securities cases:

   *In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (S.D.N.Y.*

   *Dec. 12, 2002)(SAS):*

Mr. Kessler, along with Mr. Schiffrin, is presently heading up the firm's litigation efforts in its prominent position as an executive committee member in this action. Of the sixty plaintiffs firms which originally filed actions in these coordinated proceedings, Schiffrin & Barroway was one of only six selected to serve on the executive committee. The coordinated actions, which have been filed against 308 separate issuers of publicly traded securities, challenge the legality of the practices which accompany the allocations of shares in initial public offerings. In addition to suing the issuers of such securities, the 308 coordinated actions also name as defendants the primary investment banking firms which underwrote the offerings. This case, which has received a great deal of national and international media attention, is widely considered the largest securities class action litigation in history.

*In re Assisted Living Concepts, Inc. Securities Litigation, Lead Case No. 99-167-AA (D.Or. 1999):*

Schiffrin & Barroway served as Co-Lead Counsel and was instrumental in obtaining a $30 million recovery for class members from the Company, its executive officers and directors, and several underwriters for their role in an alleged complex accounting fraud involving the use of a purportedly independent joint venture to absorb the Company's start-up losses. Even after this $30 million recovery, through counsel's efforts, an additional $12.5 million was obtained from the auditors providing for a total recovery of $42.5 million.

*In re Twinlab Corporation Securities Litigation, Master File No. 98-CV-7425 (E.D.N.Y. 1998):*

Schiffrin & Barroway served as Co-Lead Counsel and successfully litigated the action and was able to negotiate a settlement in the amount of $26 million plus interest which was recently approved by the Court.

*In re Cumulus Media Inc. Sec. Litig., Lead Case No. 00-C-391 (E.D. Wis. 2000):*

Schiffrin & Barroway served as Lead Counsel and successfully litigated the action and negotiated a settlement of $13 million in cash and 240,000 shares of freely tradable stock in Cumulus Media, which traded for approximately $19 per share, for a total settlement value of $17.5 million at the time the settlement was approved by the Court.

**Stuart L. Berman**, a partner of the firm, received his law degree from George Washington University National Law Center, and his undergraduate degree from Brandeis University. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Berman has specialized in the area of securities litigation for the past eight years and serves in the firm's case and client development department, which involves working with clients, analyzing cases and developing litigation strategy. In addition, Mr. Berman manages the firm's lead plaintiff department and has been instrumental in enabling various of the firm's institutional and individual clients to serve as lead plaintiffs in important cases, such as *In re Tenet Healthcare Corp. Securities Litigation,* No. CV-02-8462-RSWL (C.D. Ca. 2002), *In re Interpublic Securities Litigation*, No. 02 Civ. 6527 (S.D.N.Y. 2002)), *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.* No. 03-2071-JWL (D. Kan. 2003), *In re Ariba Inc. Securities Litigation*, Master File No. 03-00277 JF (N.D. Cal. 2003), *Richard Wagner v. Barrick Gold Corporation, et al.*, No. 1:03cv4302 (S.D.N.Y. 2003), *In re Vaxgen Inc. Securities Litigation,* No. C 03-01129 JSW (N.D. Cal. 2003), *In re American Business Financial Services, Inc.,* Civil Action No. 04-0265 (E.D. Pa. 2004), *Anne Brumbaugh, et al. v. Wave Systems Corporation, et al.,* No. 04-30022-MAP (D. Mass. 2004), and *In re Vaso Active Pharmaceuticals Securities Litigation,* No. 04-10708-RCL (D. Mass. 2004).

Mr. Berman, along with Richard Schiffrin, serve as lead counsel in *In re AremisSoft Corp. Sec. Litig.,* C.A. No. 01-CV-2486 (D.N.J. 2002) in which certain former officers of the Company are alleged to have stolen hundreds of millions of dollars. They negotiated a complex settlement with the Company, which provided for the successful reorganization of the Company and which provided the class with the majority of the equity in the new company. In addition, the settlement established a litigation trust in which all claims owned by the class as well those owned by the Company were assigned for purposes of recovering the substantial losses incurred by the shareholders. The firm and co-counsel are litigating in the Isle of Man where we were successful in freezing more than $200 million of funds stolen by insiders. In addition, Mr. Berman and the firm continue to litigate the trust's claims.

**Katharine M. Ryan**, a partner of the firm, graduated *cum laude* from Villanova University School of Law in May 1984. Ms. Ryan is admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the Court of Appeals for the Third Circuit and the United States Supreme Court. Ms. Ryan recently participated as a speaker in a legal teleconference entitled "Is the PSLRA's Safe Harbor Provision Safe?" Ms. Ryan is actively involved in litigating several of the firms most prominent cases and was integral in the excellent results achieved in the following cases:

> *In re The Interpublic Group of Companies Securities Litigation, No. 02 Civ. 6527 (S.D.N.Y. 2002):*

S&B served as sole lead counsel in this action on behalf of an institutional investor and recently received final approval of a settlement consisting of $20 million in cash and 6,551,725 shares of IPG common stock with expected distribution by early summer 2005. As of February, 2005 the stock had an approximate value of $87 million, resulting in a total settlement value of approximately $107 million.  In granting its approval, the Court praised S&B for acting responsibly and noted the firm's professionalism, competence and contribution to achieving such a favorable result.  S&B actively litigated this case while at the same time engaging in mediation over the course of several months before arriving at this excellent result for the class.

> *In re New Power Holdings, Inc. Sec. Litig., C.A. No. 02 Civ. 1550 (S.D.N.Y. 2002):*

Schiffrin & Barroway served as Co-Lead Counsel and was instrumental in obtaining a recovery of $41 million in cash for class members against a bankrupt company, certain of its officers and directors and the underwriters of the Companies offering. Claims involved New Power, an offshoot of Enron, that was formed to re-enter the deregulated energy market and pursued an IPO with no viable plan to hedge against volatile energy prices. The case continues to be litigated against the underwriters of the Company's offering.

**Gregory M. Castaldo**, a partner of the firm, received his law degree from Loyola Law School, where he received the American Jurisprudence award in legal writing. He received his undergraduate degree from the Wharton School of Business at the University of Pennsylvania. He is licensed to practice law in Pennsylvania and New Jersey. Mr. Castaldo has been actively involved in litigating the following cases:

- *In re Unigraphics Solutions Inc. Shareholders Litigation, Cons. C.A. No. 18916,*
  Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $35 million for members of the class;

- *In re Prodigy Communications Corp. Shareholders Litigation, Cons. C.A. No. 19113-NC,*Delaware Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $36 million for members of the class; and

- *In re Sodexho Marriot Shareholders Litigation, Cons. C.A. No. 18640-NC, Delaware*
  Chancery Court, in which Class Counsel was partially responsible for creating an aggregate financial benefit of approximately $166 million for members of the class.

**Michael K. Yarnoff**, a partner in the firm's securities litigation department, has been actively involved in a number of federal securities cases in which outstanding results were achieved, including the following: *In re Conseco Inc. Securities Litigation*, C.A. No. IP00-C-00585 (S.D. In. 2000) ($120 million cash settlement); *In re Twinlab Corporation Securities Litigation*, Master File No. 98-CV-7425 (E.D.N.Y. 1998) ($26 million cash settlement); *In re Cumulus Media Inc. Sec. Litig.*, Lead Case No. 00-C-391 (E.D. Wis. 2000) ($13 million cash settlement plus stock); *In re Cell Pathways, Inc. Securities Litigation II*, Master File No. 01-CV-1189 (E.D. Pa. 2001) ($2 million cash settlement plus stock);and *In re Riverstone Networks, Inc. Securities Litigation*, C.A. No. CV-02-3581 (N.D. Cal. 2002) ($18.5 million cash settlement).

Mr. Yarnoff received his law degree from Widener University School of Law. He has been practicing law in Pennsylvania and New Jersey since 1991, and has been a member of the Delaware Bar since 1995. He is also admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

**Joseph H. Meltzer**, a partner of the firm, received his law degree, with honors, from Temple University School of Law. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit.

Mr. Meltzer concentrates his practice in the areas of ERISA and antitrust complex litigation, and manages the firm's ERISA Litigation Department, which has excelled in the highly specialized area of prosecuting claims on behalf of retirement savings plans. Mr. Meltzer is Lead Counsel in several pending nationwide class actions brought under ERISA.

Mr. Meltzer has helped obtain several multi-million dollar settlements on behalf of class members, including the recent settlements in *In re Global Crossing ERISA Litigation*, 02 Civ. 7453 (S.D.N.Y.) ($79 million settlement) and *In re Augmentin Antitrust Litigation*, 02-442 (E.D. Va.) ($29 million settlement). Mr. Meltzer also prosecutes claims on behalf of third-party payors and consumers and is currently serving as Lead Counsel in *In re Remeron Antitrust Litigation*, 02-CV-2007 (D.N.J.) and *In re Wellbutrin SR/Zyban Antitrust Litigation* (E.D. Pa.).

Prior to joining Schiffrin & Barroway, Mr. Meltzer practiced at Barrack, Rodos & Bacine in Philadelphia, where he had prominent roles in prosecuting several complex class actions to successful conclusions, including *In re Sorbates Direct Purchaser Antitrust Litigation*, C 98-4886 (N.D. Cal. 2001) ($92 million settlement) and also defended clients in antitrust and commercial litigation.

## ASSOCIATES

**Ian D. Berg**, an associate of the firm, received his law degree from Northwestern University School of Law, and his B.A. from Northwestern University. Prior to joining Schiffrin & Barroway, Mr. Berg practiced at Barack Ferrazzano Kirschbaum Perlman & Nagelberg LLC, in Chicago, IL. He is licensed to practice law in Illinois and Pennsylvania.

**Robert W. Biela**, an associate of the firm, received his law degree from the Penn State Dickinson School of Law, where he served on the editorial board of the Environmental Law and Policy Journal. Mr. Biela received his undergraduate degree from West Chester

University. Prior to joining the firm, Mr. Biela was an associate at Mager White and Goldstein, LLP, where he practiced in the areas of complex commercial litigation and securities litigation. Mr. Biela is licensed to practice in Pennsylvania, and focuses his practice in the area of securities litigation.

**Katherine B. Bornstein**, an associate of the firm, received her law degree from Emory University School of Law. Ms. Bornstein received her undergraduate degree from the University of Maryland. She is licensed to practice law in Pennsylvania and Maryland. Prior to joining Schiffrin & Barroway, Ms. Bornstein was an associate at Provost & Umphrey Law Firm, LLP, where she worked on a number of complex litigation issues. Ms. Bornstein concentrates her practice at Schiffrin & Barroway in the areas of ERISA, antitrust and consumer protection.

**Trevan Borum**, an associate of the firm, received his B.A. from Wake Forest University in 1987, and his J.D. from Widener University Law School in 1992. Mr. Borum was the valedictorian of his law school class, and served as a Wolcott fellow with the Delaware Supreme Court. He is licensed to practice law in Pennsylvania, and has been admitted to practice before the United States District Court for The Eastern District of Pennsylvania. Prior to joining Schiffrin & Barroway, Mr. Borum served as an Assistant District Attorney in Philadelphia for ten years. Mr. Borum also practiced criminal defense after leaving the District Attorney's office. At Schiffrin & Barroway, Mr. Borum concentrates his practice in securities litigation.

**Jonathan R. Cagan**, an associate of the firm, received his law degree from the Temple University School of Law. Mr. Cagan received his undergraduate degree, *cum laude*, from Temple University. Mr. Cagan is licensed to practice law in New Jersey, and is admitted to the Third Circuit Court of Appeals. Mr. Cagan concentrates his practice in the area of securities litigation.

**Edward W. Chang**, an associate of the firm, received his law degree, *with honors*, from the George Washington University Law School. During law school, Mr. Chang served as a staff member of the American Intellectual Property Law Association Quarterly Journal and published Bidding on Trespass: eBay v. Bidder's Edge and the Abuse of Trespass Theory in Cyberspace Law, 29 AIPLA Q.J. 445 (2001). Mr. Chang received his undergraduate degree in International Relations, *cum laude*, from the University of Pennsylvania.

Prior to joining Schiffrin & Barroway, Mr. Chang served as a law clerk to the Honorable Ann O'Regan Keary of the Superior Court of the District of Columbia. He is licensed to practice in New Jersey and Maryland, and has been admitted before the United States District Court for the District of Maryland. Mr. Chang concentrates his practice in the areas of antitrust, ERISA and consumer protection.

**Darren J. Check**, an associate of the firm, received his law degree from Temple University School of Law. He received his undergraduate degree in History, *with honors,* from Franklin & Marshall College. He is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Colorado.

Mr. Check concentrates his practice in the area of securities litigation, and has worked

extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS) currently pending in the Southern District of New York. Mr. Check consults with institutional investors worldwide regarding serving as a lead plaintiff and recently spoke at the MultiPensions 2004 conference in Amsterdam, Netherlands and the European Pension Symposium in Florence, Italy.

Mr. Check serves in the firm's lead plaintiff department, which involves working with clients, litigation strategy and lead plaintiff issues. In addition, Mr. Check serves as the firm's Director of Institutional Relations and Business Development and works closely with the firm's domestic and foreign institutional clients.

## Edward W. Ciolko, an associate of the firm, received his law degree from

Georgetown University Law Center, and an MBA from the Yale School of Management. Prior to joining the firm, he served as an Attorney Advisor to Commissioner Sheila F. Anthony at the Federal Trade Commission. He is licensed to practice law in the State of New Jersey, and has been admitted to practice before the United States District Court for the District of New Jersey. Mr. Ciolko concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

## Stephen E. Connolly, an associate of the firm, received his law degree from

Villanova University School of Law, and is a graduate of The Pennsylvania State University. Prior to joining Schiffrin & Barroway, Mr. Connolly was an associate at a Philadelphia firm where he practiced in the areas of complex litigation, securities and antitrust litigation. Mr. Connolly is licensed to practice law in Pennsylvania, and concentrates his practice in the area of antitrust litigation.

## Mark S. Danek, an associate of the firm, received his undergraduate degree in

Architecture from Temple University in 1996, and his law degree from Duquesne University School of Law in 1999. Prior to joining Schiffrin & Barroway, Mr. Danek was employed as in-house counsel of a real estate investment trust corporation that specialized in the collection of delinquent property tax receivables.

He is licensed to practice law in the Commonwealth of Pennsylvania and has been admitted to practice before the Courts of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania and the Supreme Court of the United States of America. Mr. Danek concentrates his practice in the area of securities litigation.

## Thomas W. Grammer, an associate of the firm, received his law degree, *magna cum laude*, from Villanova Law School where he was a member of Order of the Coif. Mr.

Grammer received his undergraduate degree from West Chester University. Before practicing at Schiffrin & Barroway, Mr. Grammer served as a clerk for Judge Richard B. Klein of the Pennsylvania Superior Court, and prior to that, as a clerk for Judge Patricia A. McInerney of the Court of Common Pleas of Philadelphia County. A member of the Pennsylvania bar, Mr. Grammer concentrates his practice in securities litigation and shareholder derivative actions.

## Sean M. Handler, an associate of the firm, received his law degree, *cum laude*,

from Temple University School of Law. Mr. Handler received his undergraduate degree from

Colby College, with distinction in American Studies. He is licensed to practice law in Pennsylvania, and has been admitted to practice before the Eastern District of Pennsylvania.

Prior to joining Schiffrin & Barroway, Mr. Handler practiced at Reed Smith, LLP in Philadelphia. Mr. Handler concentrates his practice in the area of securities litigation, and serves in the firm's lead plaintiff department, which involves working with clients, litigation strategy and lead plaintiff issues. In this role, Mr. Handler has assisted partner Stuart Berman in enabling various of the firm's institutional and individual clients to serve as lead plaintiffs in important cases, such as *In re Tenet Healthcare Corp. Securities Litigation*, No. CV-02-8462-RSWL (C.D. Ca. 2002), *In re Interpublic Securities Litigation*, No. 02 Civ. 6527 (S.D.N.Y. 2002)), *State of New Jersey and Its Division of Investment v. Sprint Corporation, et al.* No. 03-2071-JWL (D. Kan. 2003), *In re Ariba Inc. Securities Litigation*, Master File No. 03-00277 JF (N.D. Cal. 2003), *Richard Wagner v. Barrick Gold Corporation, et al.*, No. 1:03cv4302 (S.D.N.Y. 2003), *In re Vaxgen Inc. Securities Litigation*, No. C 03-01129 JSW (N.D. Cal. 2003*), In re American Business Financial Services, Inc.,* Civil Action No. 04-0265 (E.D. Pa. 2004), *Anne Brumbaugh, et al. v. Wave Systems Corporation, et al.*, No. 04-30022-MAP (D. Mass. 2004), and *In re Vaso Active Pharmaceuticals Securities Litigation*, No. 04-10708-RCL (D. Mass. 2004).

**John A. Kehoe**, an associate of the firm, received a B.A. from Depaul University in 1986, and a Master's degree in Public Administration from the University of Vermont in 1994. He received his J.D., *magna cum laude*, from Syracuse University College of Law in 1997, where he was an Associate Editor of the Syracuse Law Review, an Associate Member of the Moot Court Board, and an alternate member on the National Appellate Team. Mr. Kehoe islicensed to practice law in the State of New York, and has been admitted to practice before the United States District Court for the Southern District of New York.

Prior to joining Schiffrin & Barroway, Mr. Kehoe had extensive securities litigation experience as an associate at Bernstein, Litowitz, Berger & Grossman, LLP, and prior to that, at Clifford Chance US LLP. Before attending law school, Mr. Kehoe worked as a police officer in Burlington and Brattleboro, Vermont, and served as the lead investigator in numerous felony and misdemeanor complaints. Mr. Kehoe concentrates his practice in the area of securities litigation, and has worked extensively with partner David Kessler on *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (S.D.N.Y. Dec. 12, 2002)(SAS), currently pending in the Southern District of New York..

**Hal J. Kleinman**, an associate of the firm, received his law degree from The John Marshall Law School, and his undergraduate degree from Ithaca College. Mr. Kleinman is licensed in Illinois and Pennsylvania, and has been admitted to practice before the Northern District of Illinois, the Eastern District of Pennsylvania, the Court of Appeals for the Seventh Circuit, the Court of Appeals for the Third Circuit, and the United States Court of Claims. Prior to joining Schiffrin & Barroway, Mr. Kleinman practiced law in Chicago, where his practice concentrated in the area of Complex Litigation, Mass Torts and Class Actions. Mr. Kleinman was a member of the law and briefing committee that successfully obtained class certification in *In re Hartmarx Securities Litigation*, United States District Court for the Northern District of Illinois, Case No. 01 C 7832. In addition, he was appointed to the Class Counsel Management Committee in *Cress, et al. v. Sara Lee Corporation*, Circuit Court of Cook County, Illinois, Case no. 98 L 15072. For his work in this matter, Mr.Kleinman was asked to be a guest lecturer at the University of Chicago law School's Class Action Controversies Seminar and to discuss the Sara Lee litigation. He also was responsible for

representing hundreds of clients in various Mass Torts including MDL-1431, *In re Baycol Products Liability Litigation*; MDL-1373, *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*; MDL-1203, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*; and MDL-926, *In re Silicone Gell Breast Implants Product Liability Litigation*. Mr. Kleinman concentrates his practice in the area of Mass Torts.

**Eric Lechtzin**, an associate of the firm, received his law degree from the Temple University School of Law in 1991. Mr. Lechtzin received his undergraduate degree in Political Science and Economics, *magna cum laude*, from Temple University where he received Phi Beta Kappa honors. Mr. Lechtzin is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Courts for Eastern District of Pennsylvania and the District of New Jersey.

Prior to joining Schiffrin & Barroway, Mr. Lechtzin was an associate with the firm of Grant & Eisenhofer, P.A., where his practice was concentrated in federal securities class actions and corporate governance litigation. Mr. Lechtzin spent the first ten years of his career at two large Philadelphia firms where he represented corporate and public sector clients in a wide range of complex commercial litigation including toxic torts, labor and employment, insurance, and environmental law. Mr. Lechtzin has extensive trial experience and has argued appeals before the Supreme Court of Pennsylvania and other appellate courts.

Mr. Lechtzin concentrates his practice with Schiffrin & Barroway in the area of securities class action litigation.

**Richard A. Maniskas**, an associate of the firm, received his law degree from Widener University School of Law, and received his undergraduate degree from the University of Pittsburgh. While in law school, Mr. Maniskas served as Internal Editor of the *Widener Journal of Public Law*. He is licensed to practice law in Pennsylvania and the District of Columbia, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Mr. Maniskas works in the firm's case development department.

**Tobias L. Millrood**, an associate of the firm, co-manages the mass tort department at Schiffrin & Barroway along with David Kessler. Mr. Millrood has been actively involved in mass tort litigation involving Prempro (Hormone Therapy), Vioxx, Fen-Phen, Baycol, Meridia, Thimerosal, Ephedra and Zyprexa. Mr. Millrood currently serves as Liaison Counsel in *In Re Hormone Therapy Litigation*, Philadelphia Court of Common Pleas. Mr. Millrood also serves on the Plaintiffs' Steering Committee in *MDL 1507 - In Re Prempro Products Liability* and is Chair of the Association of Trial Lawyers of America (ATLA) Hormone Therapy Litigation Group. In Baycol, Mr. Millrood served as a Co-Chair of the Expert Committee in *In Re Baycol Litigation*, Philadelphia Court of Common Pleas. In Meridia, Mr. Millrood is Co-Chair of the ATLA Meridia Litigation Group. He also served on the Executive Committee of *MDL 1481, In re Meridia Products Liability*. In Thimerosal, Mr. Millrood serves on the Executive Committee of the Omnibus Autism Proceedings before the National Vaccine Injury Compensation Program. In August, 2003, Mr. Millrood's article on Hormone Therapy was published in *Trial* magazine. Mr. Millrood speaks frequently at various seminars, on the topics of Mass Tort Litigation, Hormone Therapy, Meridia, the Ethics of Settling Mass Tort Cases and Electronic Discovery. Mr. Millrood is a former member of the Pennsylvania Trial Lawyers Board of Governors and the Executive Committee of the Philadelphia Bar Association Young Lawyers' Division.

In addition to his drug litigation achievements, Mr. Millrood has garnered several other notable achievements, including a $22 million medical malpractice verdict in *Wallace v. Fraider*, Phila. CCP, March 2001, one of the highest in state history.  He also wrote and argued cases resulting in significant changes to Pennsylvania law:  *Cullen v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 760 A.2d 1198 (Pa. Commw. 2000) (Pennsylvania workers' compensation carrier could not assert a subrogated claim for benefits that its insured's employee was precluded from recovering in settlement of a related medical malpractice claim.); and *Estate of Magette v. Goodman*, 2001 WL 218981 (Pa. Super. 2001) (Failure to retain evidence of EKG strip during orthopedic surgery that resulted in death of patient required new trial where court failed to give jury adverse inference instruction.).

**Todd Mosser**, an associate of the firm, received his law degree, *cum laude*, from The University of Pittsburgh School of Law in 2001, where he was inducted into The Order of the Barristers.  Mr. Mosser received his undergraduate degree in Criminal Justice from Shippensburg University in 1998, where he was inducted into *Who's Who in American Colleges and Universities.*

Prior to joining Schiffrin & Barroway, Mr. Mosser was an Assistant District Attorney in the Appeals Unit in the Philadelphia District Attorney's Office.  He successfully briefed and argued a number of published cases, including: *Commonwealth v. Young*, 849 A.2d 1152 (Pa. 2004); *Commonwealth v. Dillon*, 2004 Pa. Super 457, (en banc); *Commonwealth v. Butler*, 856 A.2d 131 (Pa. Super. 2004); and *Commonwealth v. Jackson*, 849 A.2d 1254 (Pa. Super. 2004).

Mr. Mosser is also a First Lieutenant in the United States Army Reserves, JAG Corps. Mr. Mosser is licensed to practice law in Pennsylvania. He concentrates his practice at Schiffrin & Barroway in the areas of securities litigation.

**Christopher L. Nelson**, an associate of the firm, received his law degree from Duke University School of Law, and his undergraduate degree in Business, Economics, and the Law from Washington University in St. Louis. Prior to joining Schiffrin & Barroway, Mr. Nelson practiced with the Philadelphia law firm of Berger & Montague, P.C., where he was a securities litigator.

Mr. Nelson is admitted to practice law in the Commonwealth of Pennsylvania, the Supreme Court of the United States, the United States Court of Appeals for the Fourth, Fifth and Ninth Circuits, and the United States District Court for the Eastern District of Pennsylvania.

Mr. Nelson concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in numerous pending nationwide class action securities cases.

**Michelle N. Peterson**, an associate of the firm, received her law degree from Widener University School of Law in 1999. Ms. Peterson received her undergraduate degree from Temple University. Ms. Peterson is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the Eastern District of Pennsylvania and District of New Jersey. Prior to joining Schiffrin & Barroway, Ms. Peterson was an associate with the law firm of Grant & Eisenhofer, P.A., where she practiced complex commercial litigation, including the areas of securities litigation and consumer class actions.  Ms. Peterson concentrates her practice with Schiffrin & Barroway in the area of securities litigation.

**Nicholas S. Pullen**, an associate of the firm, received his law degree, *cum laude,* from the Georgetown University Law Center in 2000. Upon graduation, Mr. Pullen worked at two prominent Philadelphia law firms. In 2003, he joined the administration of Governor Edward G. Rendall, where he served as Chief Counsel to the Pennsylvania Commission on Crime and Delinquency. Most recently, Mr. Pullen served as campaign manager for the Jim Eisenhower for Attorney General Campaign. He is licensed to practice law in Pennsylvania, and has been admitted to practice in the United States District Court for the District of Colorado, Mr. Pullen serves in the firm's Institutional Relations department.

**Karen E. Reilly**, an associate of the firm, received her law degree from Pace University School of Law, where she was a member of the Moot Court Board and National Moot Court Team. Ms. Reilly received her undergraduate degree from the State University of New York College at Purchase. She is licensed to practice law in Pennsylvania, New Jersey, New York, Connecticut and Rhode Island, and has been admitted to practice before the Eastern District of Pennsylvania, District of New Jersey, Southern and Eastern Districts of New York, and the District of Connecticut.

Prior to joining Schiffrin & Barroway, Ms. Reilly practiced at Pelino & Lentz, P.C. in Philadelphia, where she litigated a broad range of complex commercial cases. Ms. Reilly concentrates her practice in the area of securities litigation.

**Steven D. Resnick**, an associate of the firm, received his law degree from The Dickinson School of Law of The Pennsylvania State University, and his undergraduate degree, *cum laude*, from West Chester University. Mr. Resnick is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, the United States District Court for the District of New Jersey and the United States District Court for the District of Nebraska. Prior to joining Schiffrin & Barroway, Mr. Resnick was an associate at the firm of German, Gallagher & Murtagh, where his practice concentrated in the defense of medical malpractice, products liability and premises liability. Mr. Resnick now concentrates his practice in the area of mass tort litigation.

**Lee D. Rudy**, an associate of the firm, received his law degree from Fordham University in 1996. He is licensed to practice law in Pennsylvania and New York. From 1996 to 2002, Mr. Rudy was an Assistant District Attoreny in the Manhattan DA's Office, where he prosecuted dozens of felony jury trials to verdict, including robbery, rape, and murder cases. From 2003 to 2005, Mr. Rudy was an Assistant United States Attorney in the District of New Jersey, where he investigated and prosecuted numerous fraud and violent crime cases, and where he tried three major fraud cases to verdict in federal court. Mr. Rudy, along with Marc Topaz and Eric Zagar manages the firmsMergers and Acquisition and Shareholder Derivative litigation department.

**Manny Shachmurove**, an associate of the firm, received his law degree from The University of Michigan Law Scholl, where he was an Associate Editor of the Michigan Journal of Law Reform. Mr. Shachmurove received his Batheclor of Science of Economics, *cum*

*laude*, from The Wharton School at the University of Pennsylvania, where he was a Joseph Wharton Scholar.

**Kay E. Sickles**, an associate of the firm, received her law degree from the University of Pennsylvania School of Law. She received her undergraduate degree from Colgate University, graduating with Honors from the History department. Prior to joining the firm, Ms. Sickles was an associate with Sandals & Langer, LLP, where she litigated complex class actions, arising out of violations of the ERISA and Antitrust statutes. She is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

Ms. Sickles concentrates her practice in the area of securities litigation and specializes in settlement matters.

**Tamara Skvirsky**, an associate of the firm, received her law degree, with honors, from The George Washington University Law School. Ms. Skvirsky received her undergraduate degree, *cum laude*, from the University of Pennsylvania. Ms. Skvirsky is licensed to practice law in Pennsylvania and New Jersey, and concentrates her practice in the firm's case development department.

**Sandra G. Smith**, an associate of the firm, received her law degree from Temple University School of Law, where she was Editor-In-Chief of The Temple Environmental Law and Technology Journal. Ms. Smith is also a graduate of St. Joseph's University, where she received her B.A. in History. Prior to joining Schiffrin & Barroway, Ms. Smith practiced as a securities litigator with the Philadelphia law firm of Berger & Montague, P.C. Ms. Smith is licensed to practice in Pennsylvania and is admitted to practice before the United States District Court of the Eastern District of Pennsylvania. Ms. Smith concentrates her practice in the area of Mergers and Acquisition litigation.

**Benjamin J. Sweet**, an associate of the firm, received his juris doctor from the Dickinson School of Law, and his BA, *cum laude*, from the University Scholars Program of The Pennsylvania State University. While in law school, Mr. Sweet served as Articles Editor of the *Dickinson Law Review*, and was also awarded Best Oral Advocate in the ATLA Junior Mock Trial Competition. Prior to joining Schiffrin & Barroway, Mr. Sweet practiced in the Pittsburgh office of Reed Smith LLP, where he specialized in complex civil litigation. While at Reed Smith, Mr. Sweet co-authored *Assignability of Non-Compete Covenants*, 74 Pa. Bar. Q. 64 (April 2003). Mr. Sweet is licensed to practice law in the Commonwealth of Pennsylvania, the U.S. District Court for the Western District of Pennsylvania and the United States Courts of Appeals for both the Second and Ninth Circuits.

Mr. Sweet concentrates his practice in the area of securities litigation and has helped obtain several multi-million dollar settlements on behalf of class members in several nationwide federal securities class actions, including *In re Flextronics Int'l Ltd. Secs. Litig.*, No. 03-cv-2102 (N.D. Cal. 2004), *In re Black Box Corp. Secs. Litig.*, No. 03-cv-412 (W.D. Pa. 2004) and *In re Zomax Inc. Secs. Litig.*, No. 04-cv-1155 (D. Minn. 2005). Mr. Sweet is currently Lead or Co-Lead Counsel in several pending nationwide class action securities cases.

**Heather Tashman**, an associate of the firm, received her law degree, *cum laude*,

from Villanova University School of Law where she was an Associate Editor of Outside Articles for the Villanova Environmental Law Journal. She also received an MBA from Villanova University in 2003. Ms. Tashman received her undergraduate degrees, *cum laude*, in Art History and Psychology from Tulane University in 2000. Prior to joining Schiffrin & Barroway, Ms. Tashman was an associate at Drinker Biddle and Reath LLP, where she specialized in insurance litigation.

Ms. Tashman is admitted to practice law in Pennsylvania and New Jersey. She has also been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. Ms. Tashman concentrates her practice at Schiffrin & Barroway in the areas of securities litigation.

## Gerald D. Wells, III, an associate of the firm, received his law degree from
Temple University School of Law, where he served on the editorial board of the Environment Law & Technology Journal, and was President of the Student Bar Association. Prior to joining the firm, Mr. Wells was an associate at Mager White & Goldstein, LLP, where he practiced in the areas of complex commercial litigation, antitrust and securities litigation. He is licensed to practice in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the District Court of New Jersey. Mr. Wells concentrates his practice in the areas of antitrust, ERISA, and consumer protection.

## Robin Winchester, an associate of the firm, received her law degree from
Villanova University School of Law, and received her undergraduate degree in Finance from St. Joseph's University. Prior to joining Schiffrin & Barroway, Ms. Winchester served as a law clerk to the Honorable Robert F. Kelly in the United States District Court for the Eastern District of Pennsylvania. Ms. Winchester is licensed to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania. She concentrates her practice in the area of securities litigation, and serves in the firm's lead plaintiff department which involves working with clients, litigation strategy and lead plaintiff issues.

## Marc I. Willner, an associate of the firm, received his law degree from the George
Washington University Law School in 1997. He received his undergraduate degree in Public Policy Studies and Philosophy from Duke University in 1994. Prior to joining Schiffrin & Barroway, he served as a Deputy Attorney General in the Criminal Law Division of the Pennsylvania Office of Attorney General. He is licensed to practice law in Pennsylvania and has been admitted to practice before the United States Court of Appeals for both the First Circuit and the Third Circuit.

Mr. Willner concentrates his practice in the area of securities litigation, and has helped obtain several multi-million dollar settlements on behalf of class members, including *In re AremisSoft Corp. Sec. Litig.*, No. 01-CV-2486 (D.N.J. 2002); *In re Interpublic Sec. Litig.*, No. 02 Civ. 6527 (S.D.N.Y.) (Approx. $107 million settlement); *Gebhardt v. ConAgra Foods, Inc.*, No. 01-CV-427 (D. Neb.) ($14 million settlement); *In re Warnaco Group Inc. Sec. Litig.*, No. 00 Civ. 6266 (S.D.N.Y.) ($12.85 million settlement); *In re Pinnacle Holdings Corp. Sec. Litig.*, No. 8:01-CV-624-T-27 (M.D. Fla.) ($11 million settlement); *Griffin v. Painewebber, Inc. et.al.*, No. 99 Civ. 2292 (S.D.N.Y) and *In re Livent, Inc. Sec. Litig.*, No. 98 Civ. 5686 (S.D.N.Y) (combined $6.45 million settlement with litigation still pending against two non-settling defendant).

Mr. Willner is Lead or Co-Lead counsel in several pending nationwide class action securities cases, including *In re Corning Sec. Litig.*, No. 01-CV-6580 (W.D.N.Y.); *Spagnola v. Kilrea et al.*, (HA-LO Industries, Inc.) No. 02 C 0270 (E.D. Ill.); *D.E. & J. Ltd. Partnership v. Conaway et al.*, (Kmart Corporation) No. 02-70684 (E.D. Mich.); and *In re Interpublic Sec. Litig.*, No. 02 Civ. 6527 (S.D.N.Y.).

**Eric L. Zagar**, an associate of the firm, received his law degree from the University of Michigan Law School, *cum laude*, where he was an Associate Editor of the Michigan Law Review. He has practiced law in Pennsylvania since 1995, and previously served as a law clerk to Justice Sandra Schultz Newman of the Pennsylvania Supreme Court. He is admitted to practice law in Pennsylvania.

Mr. Zagar concentrates his practice in the area of shareholder derivative litigation. Mr. Zagar has served as Lead or Co-Lead counsel in numerous derivative actions in courts throughout the nation, including *David v. Wolfen,* Case No. 01-CC-03930 (Orange County, CA) (Broadcom Corp. Derivative Action); *In re PolyMedica Corporation Shareholder Derivative Litigation,* Case No. 01-3446 (Middlesex County, MA); *In Re Dynacq Int'l. Shareholder Derivative Litigation,* Case No. 2002-07135 (Harris County, TX); and *Castillo v. Cavallaro, et al.,* Case No. A467663 (Clark County, NV) (Station Casinos, Inc. Class and Derivative Action). Mr. Zagar has successfully achieved significant monetary and corporate governance relief for the benefit of shareholders, and has extensive experience litigating matters involving Special Litigation Committees. In addition, Mr. Zagar along with Marc Topaz and Eric Zagar manages the firms Mergers and Acquisition and Shareholder Derivative litigation department.

**Andrew L. Zivitz**, an associate of the firm, received his law degree from Duke University School of Law, and received a Bachelor of Arts degree with distinction from the University of Michigan, Ann Arbor. Prior to joining Schiffrin & Barroway, Mr. Zivitz practiced with the Philadelphia law firms of Klehr, Harrison, Harvey, Branzburg & Ellers, LLP and Drinker Biddle & Reath, LLP, where he litigated complex commercial and environmental matters.

Mr. Zivitz is admitted to practice law in Pennsylvania and New Jersey, and has been admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey.

Mr. Zivitz concentrates his practice in the area of securities litigation, and is Lead or Co-Lead Counsel in several of the largest class action securities cases currently pending nationwide. In addition, Mr. Zivitz has been instrumental in recovering more than $100 million for aggrieved investors in numerous securities class action litigations including *In re Computer Associates,* No. 02-CV-1226 (E.D.N.Y.) and *In re Aon Corp.*, No. 02 CV 5631 (N.D.Ill).

**Kendall S. Zylstra**, an associate at the firm, received his law degree from Temple University School of Law, where he graduated with the Temple Law Alumni/ae Moot Court Award. Mr. Zylstra is licensed to practice law in Pennsylvania, and has been admitted to practice in the United States Court of Appeals for the Ninth Circuit, the United States District Court for the Eastern District of Pennsylvania, the District of Oregon, the Eastern District of Washington, the Western District of Washington, and the New Jersey Superior Court.

Prior to joining Schiffrin & Barroway, Mr. Zylstra practiced law at Berger & Montague, P.C., where he concentrated on antitrust and complex consumer protection litigation. He was an Assistant District Attorney in Philadelphia from 1991 to 1996, primarily prosecuting sexual assault and domestic violence cases. Mr. Zylstra also represented two classes of victims of human radiation experimentation conceived and conducted by the federal government in conjunction with state and private contractors as part of the U.S. atomic weapons research program during the Cold War. He was principally responsible for all areas of litigation on behalf of prisoner experimentation subjects, helping obtain settlements for over $4.7 million combined, and significantly contributed to a reversal by the Ninth Circuit Court of Appeals of a summary judgment dismissal of one of those cases on statute of limitations grounds. See Bibeau, et al. v. Pacific Northwest Research Foundation, et al., 188 F.3d 1 105 (9th Cir. 1999).  In addition, Mr. Zylstra made significant contributions in winning substantial recoveries in the Phen Fen litigation. Mr. Zylstra, along with David Kessler manages the firm's Antitrust department.

# CONSULTANTS

**Kevin P. Cauley** serves in the firm's Institutional Relations department.  Mr. Cauley is a graduate of Temple University. Prior to joining the firm, Mr. Cauley was Director of Business Development for MBP Associates, one of the country's top multi-family offices in New York City.  Mr. Cauley has experience in institutional fiduciary investment consulting, money manager selection, best trade executions, and asset allocation modeling. He has held the Series 7, 24, 63, and 65 licenses with the NASD. Mr. Cauley has also done political consulting in coordinating and directing various aspects of field operations for local, state, and national campaigns in Southeastern Pennsylvania.

**Roy Jones** serves in the firm's Institutional Relations Department.  Mr. Jones was educated at Oxford and Cambridge Universities in the United Kingdom, and has a broad and deep understanding of the European pension world and its key players. Furthermore, Mr. Jones is an acknowledged expert on global corporate governance trends, where he has advised the Organization for Economic Cooperation and Development and the World Bank, among others.  Mr. Jones works closely with many of the firm's European clients.

# EXHIBIT E

# GILMAN AND PASTOR, LLP

### *FIRM RESUME*

***GILMAN AND PASTOR, LLP*** is a law firm which concentrates in class action litigation on behalf of consumers, small businesses and investors. The firm has broad experience in the areas of consumer protection, products liability, antitrust, securities and other types of complex litigation. Although Gilman and Pastor, LLP's offices are located in Massachusetts and Florida, the firm litigates cases throughout the country, including both federal and state courts. Many of the firm's cases have involved complex multi-district litigation, including appearances before the Judicial Panel on Multi District Litigation. The attorneys in the firm are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation, and the substance and procedure of class certification. The firm has recovered hundreds of millions of dollars for the clients it has represented.

## *REPRESENTATIVE CASES BY AREA OF PRACTICE*

### Securities

The firm is actively involved in litigation on behalf of defrauded individual and institutional investors in both class action and shareholder derivative litigation.

The firm served as Co-Lead Counsel in In re Blech Securities Litigation, 94-CIV-7696-RWS (S.D. N.Y.) asserting market manipulation claims against the brokerage firm of D. Blech & Co., its principals, its clearing broker, and several other alleged participants in connection with an alleged scheme to inflate the prices of various biotechnology securities. In a vigorously litigated case, the firm and its co-counsel obtained certification of a class of purchasers of 22 separate securities, successfully opposed various motions to dismiss, and, subsequently, motions for summary judgment, and after extensive discovery and trial preparation, negotiated over $15 million in cash settlements on behalf of the class. This case resulted in several reported opinions, including one that has been frequently cited and referred to by commentators on the issue of clearing broker liability. In re Blech Securities Litigation, 961 F. Supp. 569 (S.D. N.Y. 1997).

Gilman and Pastor, LLP served as Co-Lead Counsel in Hynes v. The Enstar Group, Inc., et al. 90-C-1204-N (M.D. Alabama). In the face of substantial risks of an unsuccessful outcome due to the bankruptcy (and consequent immunity from suit) of Enstar and the bankruptcy of Enstar's chairman who was the chief architect of the fraud, Gilman and Pastor, LLP aggressively litigated the case on behalf of the Class and obtained settlements totaling in excess of $19 million from several defendants, including a major accounting firm, a major law firm, and former outside directors after the conclusion of extensive discovery and immediately prior to the scheduled trial. Subsequently, Gilman and Pastor, LLP won an additional $4.1 million for the class in collateral litigation against Michael Milken and related entities.

The firm was Co-Lead Counsel in Cooper v. Kana, et al. Civil Action No. 3:98-CV-2804-M (N.D. Texas) on behalf of purchasers of CPS Systems, Inc. ("CPS") stock in connection with its $8.74 million initial public offering ("IPO") and trading on the American Stock Exchange thereafter, against CPS, its officers and directors, the underwriters for its IPO, and CPS's independent auditors, alleging misstatements in the IPO Prospectus and subsequent press releases and SEC filings concerning CPS's revenue recognition methods and reported revenues and earnings. After CPS restated its earnings and filed bankruptcy, the firm and its co-counsel obtained class certification, defeated various motions to dismiss, conducted discovery, engaged in two separate mediations, and ultimately recovered $3.44 million in cash settlements on behalf of the class against the remaining defendants.

The firm served as Co-Lead Counsel in Lynn v. Infinity Investors Limited, et al. 3:97-CV-226 (E.D. Tenn.), a case asserting claims for open market securities fraud and for breach of contract arising out of an alleged complex scheme to evade the requirements of Regulation S of the Securities Act of 1933 and to manipulate the market prices of United Petroleum Corporation ("UPET") stock. The firm obtained class certification, successfully objected to UPET's bankruptcy plan in another jurisdiction that would have otherwise dismissed the action with prejudice, and overcame other significant obstacles in a vigorously litigated case to ultimately obtain a $4 million cash settlement, recovering a very substantial portion of actual losses claimed by class members.

Gilman and Pastor, LLP served as Co-Lead Counsel in In re Hallwood Energy Partners L.P. Securities Litigation, 90-Civ-1555-JFK (S.D.N.Y.) in which a $9.1 million settlement was obtained after five years of intensive litigation. This class action arose out of a complex merger and exchange offer transaction involving several publicly traded oil and gas limited partnership entities. The litigation challenged the fairness of the exchange and involved highly complex oil and gas valuations and methodologies. Gilman and Pastor, LLP effectively managed the litigation and diligently prosecuted the case on behalf of a Class of approximately forty thousand unitholders.

Gilman and Pastor, LLP served as Co-Lead Counsel in Caven v. Miller, et al. No. H-96-CV-3464 (EW) (S.D. Tex.), a shareholder derivative action arising out of the merger of a publicly held hospital company with and into a firm in the same industry that had been privately held. After the merger, the successor firm downwardly restated its financial results due to its own previously undisclosed accounting irregularities and losses. After defeating motions to dismiss on various grounds, conducting discovery, and engaging in mediations, Plaintiffs recovered over $18 million in benefits on behalf of the successor company from various insiders of both companies involved.

The firm served as one of four co-lead counsel representing a class of securities purchasers in In re Immunex Securities Litigation, No. C92-548 (W.D. Wash.), and obtained a settlement of $14 million.

The firm served as one of three co-lead counsel representing a class of limited partners in In re Oxford Tax Exempt Fund Securities Litigation, No. 95-3643 (D. Md.), a case asserting federal securities and related common law claims arising out of a complex partnership restructuring transaction, and obtained a settlement valued in excess of $11 million.

Gilman and Pastor, LLP served as lead counsel in Sullivan, et al. v. Shearson California Radisson Plaza Partners, Limited Partnership, et al., No. 89-5472-JMI (C.D. Cal.), a case arising out of a publicly offered limited partnership wherein claims under the 1934 Exchange Act and the 1933 Securities Act were asserted on behalf of the investors. The case involved complex issues of hotel appraisal and valuation, and resulted in a settlement valued in excess of $11 million on behalf of the class.

In Hartley v. Stamford Towers Limited Partnership, et al., No. C-90-2146-JPV (N.D. Cal.), another action arising out of a public limited partnership offering, the firm served as co-lead counsel for the investor class and obtained a settlement of $6.5 million. In that litigation the plaintiffs engaged in extensive discovery and negotiations and consultation with real estate valuation experts, in the face of several challenging obstacles.

The firm served as co-lead counsel representing a class of more than 4,000 investors in a series of oil and gas drilling programs in the Woodlands Energy and Development Corporation/ Intercomex Financial Corp. Litigation (encompassing several related civil actions in various federal and state courts in Texas and California). That litigation involved complicated securities issues, as well as certain novel insurance liability questions, and was also contested vigorously by the defendants with respect to every aspect of the case. In that case, plaintiffs' counsel overcame several rounds of briefing on motions to dismiss the pleadings and a vigorous opposition to class certification. Counsel then engaged in a long series of merits discovery, and eventually took part in intense negotiations that led to several partial settlements. Ultimately, Gilman and Pastor, LLP, together with their co-counsel, recovered in excess of $11 million for investors.

The firm was one of four firms actively involved in Alert Income Partners Securities Litigation, No. 92-2-9150 (D. Colo.) a securities class action brought against promoters of a series of limited partnerships, their auditors and other parties. After extensive discovery, a settlement was reached valued at $60 million.

Gilman and Pastor, LLP, as lead class counsel, achieved a successful settlement in the case of Hutson, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al., No. 89 Civ. 8358 (L.M.M.) (S.D.N.Y.). That case, which arose out of the offering of limited partnership interests, involved mortgage revenue bonds issued by many state and local government agencies which were secured by participating non-recourse mortgage loans on fourteen apartment projects and retirement communities. As lead counsel, Gilman and Pastor, LLP was responsible for and managed all aspects of the complex litigation which also involved the subject areas of real estate financing and valuation, secured lending and foreclosure. In addition, because the case involved a 1985

offering, there were serious statute of limitations questions facing plaintiffs and plaintiffs' counsel. Despite these momentous problems, the firm obtained a settlement valued at $14 million for the class. Judge McKenna, in approving the settlement, praised plaintiffs' counsel for their efficient work.

Gilman and Pastor, LLP was one of five firms actively involved in the In re Granada Partnership Securities Litigation, MDL No. 837 (S.D. Tex.), in which a partial settlement in excess of $14 million was reached with certain of the defendants. This was an extremely contentious lawsuit in which every procedural step was a pitched battle. After protracted litigation with extensive motion practice, the partial settlement was reached, which accounted for virtually all of the available financial resources of the settling defendants.

Other examples of the firm's litigation ability are the dual settlements achieved in the related cases styled In re Permian Partners, L.P. Securities Litigation, No. 11373 (Del. Ch. Ct.) and Rodgers v. National Intergroup, Inc., et al. No. 90-11653-Z (D. Mass.). Gilman and Pastor, LLP was designated as lead counsel and directed and participated in every aspect of the cases. The first settlement, valued at $6.1 million, plus non-monetary benefits, arose out of an action in the Delaware Chancery Court challenging a merger of limited partnership interests. Gilman and Pastor, LLP conducted extensive discovery in that litigation, most of which was done on an expedited basis, and consulted with experts, including authorities on oil and gas. The litigation involved many complex issues, including issues relating to the valuation of interstate and intrastate pipeline assets. The settlement was reached after the conclusion of expedited discovery and prior to a hearing on our motion for preliminary injunction. The second settlement successfully concluded litigation in the U.S District Court in Massachusetts arising out of the 1987 public offering of the partnership interests which later became the subject of the merger proposal.

Gilman and Pastor, LLP has also played a major role in significant litigation challenging limited partnership roll-ups, restructurings, exchanges and mergers, including the Hallwood Energy, Oxford and Permian cases described above, Adam et al. v. Berkshire Realty Corporation, No. 90-12864 WF (D. Mass), where the firm served as co-lead counsel and achieved a settlement consisting of cash and warrants valued at $7.5 million, In re Equitec Rollup Litigation, Master File No. C-90-2064 (N.D. Cal); Laurence v. Brewer, No. 97-15464 (Del. Ch. Ct.), where the firm served as co-lead counsel (challenging a tender offer by general partners for publicly traded master limited partnership, and obtaining settlement with establishment of dividend payments to limited partners); LLOV Partners v. INCO Limited, No. 00-4999 (NHP) (D.N.J.) (challenging tender offer by parent company for tracking stock of subsidiary); and Rosenblum v. Equis Financial Group, No. 98-8030 (S.D. Fla.) (class and derivative settlements on behalf of three sub-classes).

Gilman and Pastor, LLP has also been actively involved in numerous other class actions arising under the federal securities laws, including In re Painewebber Inc. Limited Partnership Litigation, No. 94-CV-8547 (S.D.N.Y.); In re The One Bancorp Securities Litigation, No. 89-0315-P (D.

Me.); In re VMS Securities Litigation, No. 89C 9448 (N.D. Ill.); In re Shearson Union Square Associates Securities Litigation, (Del. Ch. Ct.); In re Software Publishing Securities Litigation, C-93-20246 (N.D. Cal.); In re Prudential-Bache Energy Income Partnerships Litigation, MDL No. 888 (E.D. LA); In Re: T[2] Medical Inc. Shareholder Litigation, 92-CIV-1564 (N.D. Ga.); In re Interneuron Pharmaceuticals Securities Litigation; 97-12254 (D. Mass.); In re UDC Homes Securities Litigation, 95-08941 (Maricopa County, AZ Superior Ct.); and In re Towers Financial Securities Litigation, 93-0810 (S.D.N.Y.).

### Defective Products

Gilman and Pastor, LLP is actively involved in litigation involving defective products, including defective building products, pharmaceutical products, motor vehicles, electronics and other products.

In Sebago, Inc., et al. v. Beazer East, Inc., et al., No. 96-10069 (D. Mass.), Gilman and Pastor, LLP served as lead class counsel in a suit on behalf of owners of buildings with corrosive phenolic foam roof insulation. The litigation was extremely contentious, involved numerous potentially dispositive motions, discovery motions and extensive class certification proceedings. The defendants ultimately produced hundreds of thousands of documents as well as hundreds of depositions. To prepare for hearings on class certification, summary judgment and trial, Gilman and Pastor marshaled testimony from experts in a variety of disciplines, including roof engineering, structural engineering, materials science and corrosion, and financial analysis. The firm obtained a significant decision upholding RICO claims against the manufacturers. See Sebago, Inc. v. Beazer East, Inc., 18 F. Supp. 2d 70 (D.Mass. 1998). The Court recently approved nationwide class settlements with the two manufacturers of the phenolic foam insulation, worth a combined estimated present value of more than $240 million.

In Coleman, et al. v. GAF Building Materials Corporation, No. CV-96-0954-GALANOS (Circuit Court of Mobile County, Alabama), Gilman and Pastor, LLP served as lead counsel for a nationwide class of persons who owned properties with defective roofing shingles. The firm recently obtained a settlement with benefits estimated at a present value in excess of $75 million.

In Paradis v. Bird Incorporated, No. 00-C-0235 (Merrimack, N.H. Superior Court), Gilman and Pastor, LLP served as lead counsel on behalf of purchasers of Bird defective roofing shingles. The settlement obtained was valued at approximately $9.6 million.

Other cases handled by the firm involving defective building products include Foster v. ABTco, Inc. (Civil Action No. CV95-151-M, Choctaw County, Alabama) (defective hardboard siding; nationwide class certified and class settlement approved); In re Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation, (Master File No. C-95-3178-VRW, N.D.Cal.) (defective oriented strand board (OSB); nationwide class certified and settlement approved).

## Consumer Protection and Antitrust

The firm is also actively involved in litigation involving price-fixing and other anti-competitive conduct, deceptive sales practices, and unfair and deceptive trade practices.

Gilman and Pastor, LLP served as sole Class Counsel in Fortin v. Ajinomoto, et al, (Civil Action No. 02-2345C, Middlesex Superior Court Department, Mass.), and recently obtained final approval of partial class settlements totaling $8.2 million.

Gilman and Pastor, LLP served as a member of the Plaintiffs Steering Committee in Ciardi v. F. Hoffman-LaRoche, Ltd., et al., (Civil Action No. 99-03244, Middlesex Superior Court Department, Mass.), a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts.

Gilman and Pastor, LLP served as sole counsel in Boos v. Abbott Laboratories, No. 95-10091 (D.Mass.), which was the first case in which indirect purchasers in Massachusetts ever recovered damages arising from a price-fixing conspiracy. The case was settled in 1997 for $2.5 million.

Gilman and Pastor, LLP served as lead counsel in Muccioli v. Sony Computer Entertainment America, Inc., No. 413148 (San Mateo Cty. California Superior Court) and obtained a substantial nationwide class settlement that provided free service and repairs during an extended warranty period and partial refunds of past repair costs to purchasers of Sony Playstation Models 1001 and 5501 in an action arising out of alleged product defects, breaches of warranty, and deceptive trade practices.

The firm was lead counsel in Hardy v. Sears Roebuck & Co., Civil Action No. 98-CH-06305 (Cook County, Illinois) obtaining a nationwide class settlement which provided warranty repairs to consumers who purchased home improvement services from Sears and its authorized contractors.

The firm is a member of the Plaintiffs' Counsels' Steering Committee in In re High Fructose Corn Syrup Antitrust Litigation, MDL No. 1083, U.S. District Court for the Central District of Illinois, antitrust suit on behalf of businesses which purchased high fructose corn syrup at prices which were inflated due to a massive, world-wide price-fixing conspiracy.

Gilman and Pastor, LLP served as sole counsel for the class in Anslono v. Thorn Americas, Inc. (Civil Action No. 98-0049, Suffolk Superior Court Department, Mass.), and obtained a class settlement of claims for false advertising of "rent to own" contracts.

In In re Packard Bell Consumer Class Action Litigation, No. BC 125671 (California Superior Court), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for

purchasers of "reconditioned" personal computer systems which were falsely advertised as "new."

In In re Miracle Ear Consumer Litigation, No. 94-1696 (Dist. Ct. Minn.), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of hearing aids which had been falsely advertised.

Gilman and Pastor, LLP has been actively involved in litigation arising from life insurance sales practices, including Michaels v. Phoenix Home Life Mutual Insurance Company, Index No. 5318-95 (NY.Sup.Ct., Albany County), 1997 N.Y.Misc. LEXIS 171 (1996) (approving class settlement); Natal v. Transamerica Occidental Life Insurance Company, Index No. 694829 (CA.Sup.Ct., San Diego County, 1997) (approving class settlement); In re: Manufacturers Life Insurance Company Premium Litigation, MDL No. 1109 (S.D.Cal.) (substantial settlement for class); In re: Sun Life Assurance Company of Canada Insurance Litigation, MDL No. 1102 (D.N.J.) (substantial settlement for class); In re: New England Mutual Life Insurance Company Sales Practices Litigation, MDL No. 1105 (D.Mass.) (court appointed Gilman and Pastor, LLP as liaison counsel in MDL proceeding; court subsequently approved substantial class settlement); Duhaine v. John Hancock Mutual Life Insurance Company (Civil Action No. 96-10706-GAO, D.Mass.) (substantial class settlement).

Gilman and Pastor, LLP has developed unique expertise in litigation involving pyramid marketing schemes, including obtaining significant decisions in Webster v. Omnitrition, 79 F.3d 776, 782 (9th Cir. 1996) (holding that multi-level marketing firm could be found to be a pyramid scheme and an investment security where there was no evidence that it actually enforced "anti-pyramid" requirements; class settlement approved following successful appeal by Gilman and Pastor); Capone v. Nu Skin Canada, Inc. (Case No. 93-C-2855, D.Utah) (Gilman and Pastor obtained court approval of settlement of class claims against multi-level marketing firm after successfully opposing multiple motions to dismiss and for summary judgment and after extensive discovery); Rhodes v. Consumers' Buyline, Inc., 868 F.Supp. 368 (D.Mass. 1993) (case settled after Gilman and Pastor obtained court ruling that contractual arbitration clause was unenforceable because distributorship agreement violated public policies against pyramid marketing schemes).

## *ATTORNEYS*

**KENNETH GILMAN** is a graduate of Suffolk University Law School (J.D., 1979) and Boston University (B.A.,1976). Mr. Gilman is a member of the bars of the Commonwealth of Massachusetts, the State of Florida, the U.S. District Court for the District of Massachusetts and the U.S. District Court for the Southern District of Florida. He is a member of the Massachusetts Bar Association, the Florida Bar and the American Bar Association. Mr. Gilman has served, and currently serves as lead or co-counsel in various types of complex litigation, including cases in the areas of antitrust, consumer protection, insurance, dangerous and defective products, environmental law, personal injury and securities fraud.

Representative cases which have produced significant legal developments, include: <u>Sebago, Inc., et. al. v. Beazer East, Inc., et. al.</u>, No. 96-10069- Wolf (D. Mass.) (Nationwide Class Settlements with two manufacturers of phenolic insulation with a value in excess of $240 million; 18 F.Supp.2d 70 (D.Mass. 1998); <u>Coleman, et. al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with GAF defective roofing shingles with settlement value in excess of $75 million); <u>In re: Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>; <u>Ciardi v. F. Hoffman-LaRoche Ltd, et. al.</u>,(Civil Action No. 99-03244, Middlesex Superior Court Department Mass.), (a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims of price-fixing or other anti-competitive conduct. Settlement funds obtained of over $22.5 million); <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (N.Y.Sup.Ct. Albany County) 1997 N.Y. misc. LEXIS 171 (1996); <u>Agnes v. The Enstar Group, Inc., et. al.</u>, 90-C-1204-N (M.D. Alabama)(Settlement obtained of over $23 million); <u>In re Hallwod Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.)(In which a $9.1 million settlement was obtained after five years of intensive litigation arising out of a complex oil and gas merger; <u>Sullivan, et. al. v. Shearson California Radison Plaza Partners Limited Partnership, et. al.</u>, No. 89-5472 (C.D.Cal.)(Securities fraud action resulting in settlement in excess of $11 million); and <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150(D.Colo.)(Securities fraud action resulting in settlement valued at $60 million).

Mr. Gilman was previously associated with Gilman, McLaughlin and Hanrahan in Boston, Massachusetts and with the firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl in Miami, Florida. In 1985, Mr. Gilman was appointed by the United States District Court for the Southern District of Florida as the Equity Receiver in the Intercontinental Commodities litigation. During the period from 1980 through 1984, he participated as counsel to the Equity Receiver in the Lloyd Carr and Company commodities fraud litigation. In that capacity, he prosecuted complex litigation in Federal and state courts in Massachusetts and Florida, resulting in significant recoveries for defrauded investors. Also as part of this litigation, Mr. Gilman acted as special counsel for the Department of Justice.

***DAVID PASTOR*** is a 1979 graduate of Boston University School of Law and a 1976 graduate of Haverford College. During law school, Mr. Pastor clerked for two Wisconsin state court judges. Mr. Pastor is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association, the American Bar Association and the Association of Trial Lawyers of America. Mr. Pastor has served, and currently serves as class counsel in numerous class actions in various state and federal courts and has substantial experience in various types of complex class action litigation, including cases involving securities fraud and market manipulation, privacy rights, antitrust misconduct, consumer protection claims and defective products. Certain of Mr. Pastor's cases have produced significant legal developments, including <u>In re Blech Securities Litigation</u>, 961 F. Supp. 569 (S.D.N.Y. 1997) and 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)(liability of a clearing broker as a primary violator for a scheme initiated by one of the clearing broker's correspondent broker-dealers) and <u>Weld v. Glaxo Wellcome, Inc.</u>, 434 Mass. 81, 746 N.E.2d 522 (2001)(certification

of class action against several defendants engaged in parallel conduct where certain defendants had no contact with the plaintiff and engaged in no conduct which directly affected the plaintiff).

***JOHN C. MARTLAND*** is a 1978 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Colby College in 1972. Mr. Martland was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts, where he was the senior trial attorney and with the firm of Ring and Rudnick, also located in Boston. Mr. Martland has had experience in a wide variety of complex civil litigation and been trial counsel in complex civil actions in state and federal courts throughout the United States. He has served as counsel in complex business litigation in state courts in Massachusetts, New Hampshire and Maine. He has represented franchisees in arbitration proceedings before the American Arbitration Association in Massachusetts, North Carolina, Illinois and New Jersey. He is a member of the bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the Supreme Court of the United States of America. He is a member of the Massachusetts Bar Association and the American Bar Association and is a member of the ABA Antitrust Section. Mr. Martland was a speaker at the 1998 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Mediation: An In-Depth Analysis of the Process and the Techniques - the Franchisee Perspective" and has been a frequent speaker at the annual conventions of the American Franchisee Association and the American Association of Franchisees and Dealers on franchise law topics.

***DOUGLAS M. BROOKS*** is a 1982 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Northwestern University in 1979. He was a Note Editor for the Suffolk University Transnational Law Journal in 1981-1982. Mr. Brooks was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts. Mr. Brooks has litigated a wide variety of civil cases, including matters involving franchising, dealer and distribution, as well as securities actions. He is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association and a member of the Forum on Franchising and Litigation Section of the American Bar Association. Mr. Brooks was a speaker at the 1995 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Survey Evidence - Use of Collected Data in Encroachment Cases" and has been a frequent speaker at the annual conventions of the American Association of Franchisees and Dealers and the American Franchisee Association. Significant trials and appeals handled by Mr. Brooks include NXIVM Corp. v. Ross Institute, 364 F.3d 471 (2nd Cir. 2004) (affirming denial of preliminary injunction against non-profit anti-cult organization in lawsuit alleging Copyright and Lanham Act violations; Mr. Brooks is representing the defendant pro bono); Wolinetz v. Berkshire Life Insurance Co., 361 F.3d 44 (1st Cir. 2004) (reversing summary judgment in "vanishing premium" case based on statute of limitations); In re: America Online, Inc., 168 F.Supp.2d 1359 (S.D.Fla. 2001) (denying summary judgment); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla. 1991) (denying summary judgment in franchise encroachment litigation), further opinion, 798 F.Supp. 692 (S.D.Fla. 1992); Rhodes v. Consumers' Buyline, Inc., 668 F.Supp. 368 (D.Mass. 1993) (denying motion to

compel arbitration in pyramid scheme case); <u>Szymanski v. Boston Mutual Life Ins. Co.</u>, 56 Mass.App. 367 (2002), <u>rev. den.</u>, 438 Mass. 1106 (2003) (reversing summary judgment in vanishing premium litigation); <u>Oganesov v. GNC Franchising Inc.</u>, Bus. Franchise Guide (CCH) ¶11,808 (Pa. Ct. Cmn. Pl., March 3, 2000) (awarding $700,000 judgment for franchisee in encroachment litigation), <u>aff'd</u>, Bus. Franchise Guide (CCH) ¶12,163 (Pa.Super. 2001).

***DOUGLAS J. HOFFMAN*** is a graduate of the George Washington University Law School (J.D. 1995) and The University of Wisconsin - Madison (B.S. 1992). Prior to joining Gilman and Pastor, Mr. Hoffman was an associate with the firm of Milberg Weiss Bershad & Schulman LLP.

Mr. Hoffman is an experienced class action attorney who has litigated a wide variety of significant individual cases and class actions, including: securities fraud, consumer fraud and employment discrimination. Significant cases in which Mr. Hoffman has played a central role include: *Mauldin, et al. v. Wal-Mart Stores, Inc.*, No. 1:01-CV-2755, 2002 U.S. Dist. LEXIS 21024 (N.D. Ga. Aug. 23, 2002) (granting class certification in case alleging discrimination in employer's health plan); *Warren, et al. v. Xerox Corporation*, No. 01 Civ. 2909, 2004 U.S. Dist. LEXIS 5080 (E.D.N.Y. March 11, 2004) (certifying nationwide class of African-American salespeople alleging discrimination in assignment of sales territories); *Cokely, et al. v. The New York Convention Center Operating Commission*, No. 00 Civ. 4637, 2004 U.S. Dist. LEXIS 9264 (S.D.N.Y. May 21, 2004) (certifying class of African-American and Hispanic employees alleging discrimination at the Jacob K. Javits Convention Center in New York City). At Gilman and Pastor, Mr. Hoffman practices in the areas of Securities Fraud, Consumer Protection, Antitrust, and Employment Discrimination.

Mr. Hoffman is a member of the following Bars: Commonwealth of Massachusetts, Commonwealth of Virginia, State of Maryland, District of Columbia, U.S. District Court for the Eastern District of Virginia, U.S. District Court for the District of Columbia, the U.S. Court of Appeals for the Fourth Circuit and the U.S. Court of Appeals for the Eleventh Circuit.